**Robert Lee EVANS, Defendant-Appellant,**

v.

**UNITED STATES of America,
Plaintiff-Appellee.**

**No. 14177.**

United States Court of Appeals
Sixth Circuit.

Nov. 23, 1960.

Philip J. Kennedy, Jr. (appointed by court), Cincinnati, Ohio, for appellant.

Jerome A. Moore, Asst. U. S. Atty., Detroit, Mich. (George E. Woods, Jr., U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before McALLISTER, Chief Judge, and MARTIN and WEICK, Circuit Judges.

WEICK, Circuit Judge.

Appellant was tried and convicted by a jury in the District Court on a two count indictment charging him with violation of the narcotic laws. Title 21 U.S.C. § 174, and Title 26 U.S.C. § 4705(a). He was sentenced to 12 years imprisonment on each count which he is serving concurrently. He was allowed to appeal in forma pauperis and counsel was assigned to represent him by this Court.

After the Trial Judge had given his instructions to the jury and while the jury was deliberating, the jury sent a note to the Judge asking for additional instructions on five different matters relating to the evidence in the case. The Judge called in the jury and instructed them in open court on each of the matters requested. This was done in the presence of counsel for the defendant, but not in the presence of the defendant who was at this time in the custody of the United States Marshal. The following then took place:

"Mr. Bailer: I also would like to note that the defendant was not present at the time.

"The Court: Then get the defendant here, Mr. Marshal, and I will talk to the jury all over again. I didn't notice that the defendant was not present. If you

want the defendant here, I will have to start over.

"Mr. Bailer: These are things I have to do.

"The Court: Tell the jury not to consider the case until I get back here. I will see the defendant and I will see you when I get back.

"(The Court leaving the courtroom and going to chambers.)

"(Jury returns to the courtroom.)

"The Clerk: Because the defendant was not present in the courtroom at the time the Judge last spoke to you, Miss Schneider, now the defendant is present, will read the instructions over.

"Mr. Bailer: That is satisfactory.

"Mr. Smith: That is satisfactory.

"The Court Reporter: (Reading) 'Members of the jury, I have received a note from you asking for instructions.'

"Mr. Bailer, can you hear me?

"Mr. Bailer: Yes, that is all right.

"The Court Reporter: Can the defendant hear me?

"Mr. Evans (The Defendant): Yes.

"(Whereupon the court reporter continued reading the instructions to the jury.)

"(Jury returns to the jury room.)

"(Short intermission.)

"(The Court returns to the courtroom and two matters on the criminal docket were taken care of.)

"The Court: Mr. Bailer, do you want me to call the jury in now and have this read?

"The Clerk: What we did, Judge, was have it read by Miss Schneider.

"The Court: Does the record show you are satisfied?

"Mr. Bailer: Yes, it does.

"The Court: The defendant was present.

"Mr. Bailer: I am satisfied.

"The Clerk: What we did is call the jury back, the defendant was here, Mr. Bailer was here and Mr. Smith was here.

"The Court: But I wasn't here. The next objection is that the Court wasn't present.

"Mr. Smith: Mr. Bailer said he was satisfied and I said 'yes.'

"Mr. Bailer: I was satisfied, Your Honor.

"The Court: All right, I don't know when a jury has been so unmindful, asking me what I think.

"Mr. Bailer: My comment is because my client is a man who would very easily ask me what happened when he was gone and I don't want to be in a position to try to explain.

"The Court: All right."

It is claimed by the defendant that the Trial Judge erred (a) in instructing the jury in the absence of the defendant and (b) in not being present in court when the instructions were read to the jury by the Court Reporter. No claim is made that the instructions given by the court were erroneous in any respect.

■ In a felony case, the defendant is required to be present at every stage of the trial except where he voluntarily absents himself. Rule 43, Federal Rules of Criminal Procedure, 18 U.S.C.A.; Hopt v. People of Territory of Utah, 1884, 110 U.S. 574, 578, 579, 4 S.Ct. 202, 28 L.Ed. 262; Lewis v. United States, 1892, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011; Crowe v. United States, 6 Cir., 1952, 200 F.2d 526.

In the present case the defendant did not voluntarily absent himself. He was in the custody of the United States Marshal when the additional instructions were given to the jury by the Judge.

■ It was error for the Trial Judge to instruct the jury in the absence of the defendant even though his counsel was present. Cf. Shields v. United States, 1927, 273 U.S. 583, 588, 47 S.Ct. 478, 71 L.Ed. 787; Sandusky Cement Co. v. A. R. Hamilton Co., 6 Cir., 1923, 287 F. 609; Fina v. United States, 10 Cir., 1931, 46 F.2d 643; United States v. Noble, 3 Cir., 1946, 155 F.2d 315; Jones v. State, 1875,

26 Ohio St. 208; State v. Grisafulli, 1939, 135 Ohio St. 87, 19 N.E.2d 645.

Defendant was entitled to be present in the courtroom when the additional instructions were given to the jury by the court. He had the right to see and observe the manner in which the proceedings were being conducted and to consult with his counsel. Had defendant been present he could have objected to any part of the instructions and the Judge would then have had the opportunity of correcting the instructions if he deemed it advisable to do so. Fillippon .v. Albion Vein Slate Co., 1919, 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853.

The Government urges that defendant waived his right to be present in court when the instructions were given because defendant's counsel, in his presence, later stated to the court that he was satisfied with what had been done. It may be questioned whether this amounted to a waiver of what had previously happened. The defendant did not know of the jury's request for additional instructions until after the court had instructed the jury in his absence. The record does not show that defendant knew or was advised of his rights. In order to constitute a waiver, there must be a voluntary relinquishment of a *known* right. *Johnson v. Zerbst*, 1937, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461. In our judgment, the error was not cured by the Court Reporter later reading the instructions to the jury in the presence of the defendant. Furthermore, while it has been held that a defendant, not in custody, may waive his right to be present at the trial, Diaz v. United States, 1912, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500; Echert v. United States, 8 Cir., 1951, 188 F.2d 336; United States v. Parker, D.C., 91 F.Supp. 996, affirmed 4 Cir., 1950, 184 F.2d 488, it is doubtful whether in a felony case he has the power to do so when he is held in custody. Lewis v. United States, 1892, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011; Rule 43, Federal Rules of Criminal Procedure.

Finally, the Government insists that the instructions as given were correct and that the error was harmless and not ground for reversal of the judgment. Rule 52(a), Federal Rules of Criminal Procedure.

As previously pointed out, defendant had the right to be present when the instructions were given to observe the manner in which the proceeding was being conducted and to consult his counsel if he deemed it advisable to do so. He was deprived of this right. The instructions given did not relate to trivial, insubstantial matters, but involved vital issues in the case. In our judgment, the failure to require the defendant's presence in court when the instructions were given affected his substantial rights and was prejudicial error.

In view of this holding, it is not necessary for us to pass upon the other error assigned by appellant.

The judgment of conviction is reversed and the cause is remanded to the District Court for further proceedings.