Harold S. CROSS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17775.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 25, 1963.

Decided Nov. 14, 1963.

Messrs. Thomas S. Jackson and Austin P. Frum, Washington, D. C. (both appointed by this court), for appellant.

Mr. David Epstein, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, WASHINGTON and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge.

Appellant was convicted of assault on a police officer. 22 D.C.Code § 505(a). During his trial his counsel advised the court that the defendant had declined to return to the courtroom. At the time the defendant was in the custody of the United States Marshal in a room adjacent to the courtroom. The court ordered the trial to "proceed with the defendant in absentia." [1] Appellant asks reversal of his conviction, asserting that under the Constitution an accused in custody cannot waive his right to be present at his trial, that in any event he had not validly waived his right to be present, and that the prosecutor suppressed information concerning his mental condition.

The Government contends that the defendant "voluntarily absented" himself after the trial had commenced in his presence and that, therefore, under the second sentence of Rule 43,[2] F.R.

---

1. The colloquy between court and counsel follows:

"MR. CLARKE: Your Honor, at this point the defendant has indicated to me that he is not going on any further with the trial and he has been totally uncooperative and this just happened today. I can't get any witness.

"THE COURT: Did he decline to come into the courtroom?

"MR. CLARKE: Yes sir, he has declined and refused to talk to me.

"THE COURT: He refused to come into the courtroom, is that correct?

"MR. CLARKE: That is correct, Your Honor.

"THE COURT: Very well, the trial will proceed with the defendant in absentia. Go ahead."

2. Rule 43 reads: "The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation

Cr.P., the court was authorized to proceed without him. The Government does not attempt to explain how, under Rule 43, a person in continuing physical custody can "voluntarily absent" himself. The purpose of the second sentence of Rule 43, as the Advisory Committee Notes make clear, is to prevent frustration of a trial in progress by the escape or absconding of the defendant.[3] Since the Rule is intended to be a restatement of the existing law on this subject,[4] the second sentence thereof has no clear application to defendants in custody.[5] No case, prior to or since the Rule, has even suggested that a defendant in custody, other than by escaping, can "voluntarily absent" himself from his trial.[6]

The Government also suggests that, in any event, the appellant expressly waived his right to be present during his trial by telling his attorney he did not want to go into the courtroom. On the subject of waiver, "It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' * * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." Johnson v. Zerbst, 304 U.S. 458, 464–465, 58 S.Ct. 1019, 1023, 82 L. Ed. 1461 (1938), quoted in Carnley v. Cochran, 369 U.S. 506, 514–515, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). This means that where the defendant is available, "the serious and weighty responsibility" of determining whether he wants to waive a constitutional right requires that he be brought before the court, advised of that right, and then permitted to make "an intelligent and competent waiver." This has been the uniform practice.[7] In the District Court here waivers by defendants of the constitutional rights to

---

may appear by counsel for all purposes. In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial and imposition of sentence in the defendant's absence. The defendant's presence is not required at a reduction of sentence under Rule 35."

3. See Note 2 to Rule 43, and cases therein cited; see especially Diaz v. United States, 223 U.S. 442, 457–458, 32 S.Ct. 250, 56 L.Ed. 500 (1912), quoting with approval Falk v. United States, 15 App. D.C. 446, 454, 460 (1899), appeal dismissed, 180 U.S. 636, 21 S.Ct. 922, 45 L.Ed. 709 (1901), cert. denied, 181 U.S. 618, 21 S.Ct. 923, 45 L.Ed. 1030 (1901).

4. See Note 2 to Rule 43.

5. In Diaz v. United States, supra Note 2, 223 U.S. at 455, 32 S.Ct. at 253–254, 56 L.Ed. 500, the Court stated:
"* * * And with like accord [the courts] have regarded an accused who is in custody and one who is charged with a capital offense as incapable of waiving the right; the one, because his presence or absence is not within his own control, and the other because, in addition to being usually in custody, he is deemed to suffer the constraint naturally incident to an apprehension of the awful penalty that would follow conviction. * * *"

6. See cases cited in Note 2 to Rule 43. See also Evans v. United States, 6 Cir., 284 F.2d 393, 395 (1960); Brown v. State, 372 P.2d 785 (Alaska 1962) (under state rule based on Rule 43). In Falk v. United States, supra Note 2, 15 App.D.C. at 459–460, this court discussed a line of cases which held that trial could not proceed in the absence of the accused, Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), Schwab v. Berggren, 143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218 (1892), and Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884), and explained that they rested "on the theory, which was a fact in all these cases, that the accused person is a prisoner; that he is in actual custody of the law, and presumptively in durance, and incapable of free volition chargeable to those who are not under arrest."

7. See, e. g., Rules 7(b) (waiver of indictment) and 23(a) (waiver of jury), F.R.Cr.P. Even as to the trial of misdemeanors, the Rule requires "written consent of the defendant" for a trial in his absence. Rule 43, F.R.Cr.P. (emphasis supplied).

indictment and to trial by jury are taken in open court in writing, signed by the defendant personally [8] on forms pre- scribed for the purpose.[9] Since the right to be present at trial is "scarcely less important to the accused than the right of

8. This court, in Falk v. United States, *supra* Note 2, 15 App.D.C. at 457, quoted with approval the following language from State v. Kelly, 97 N.C. 404, 2 S.E. 185, 187 (1887): "The court will always require the presence of the prisoner in court during the trial * * * if he be in close custody of the law, unless in case the prisoner expressly himself, and not by counsel, waives his right to be present * * *." A concession or stipula- tion by counsel cannot substitute for an informed waiver by the defendant of his right to be present. Evans v. United States, supra Note 5, 284 F.2d at 395; Greenberg v. United States of America, 1 Cir., 280 F.2d 472 (1960); compare Brown v. State, supra Note 5 (under state rule based on Rule 43).

9. The standard form for waiver of trial by jury reads:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States
vs.
_____

Criminal No. _____

WAIVER OF TRIAL BY JURY

With consent of the United States Attorney and the approval of the Court, the defendant waives his right to trial by jury.

_____
Defendant

_____
Attorney for Defendant

I Consent

_____
United States Attorney

APPROVED

_____
Judge

The standard form for waiver of indictment reads:

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF _____
_____ DIVISION

UNITED STATES OF AMERICA
v.
_____

No. _____

_____, the above named defendant, who is accused of _____, being advised of the nature of the charge and of h    rights, hereby waives in open court prosecution by indictment and consents that the proceeding may be by information instead of by indictment.

_____,
Defendant.

_____,
Witness.

_____,
Counsel for Defendant.

Date

trial itself," [10] some such procedure is certainly indicated before a trial judge can determine whether the defendant has made an intelligent and competent waiver. At least an on-the-record statement in open court by the defendant himself should be required. Compare Pearson v. United States, 117 U.S.App.D.C. ——, 325 F.2d 625, decided this day.

A new trial being necessary, we need not consider the other issues raised by the appellant.

Reversed.

WASHINGTON, Circuit Judge (concurring).

It seems clear that neither the Constitution nor the first sentence of Rule 43 precludes a waiver by an accused of his right to be present at his trial.[1] The question in each case must be whether fair procedures have been followed, and the interests of substantial justice adequately served. Here, for the reasons given by Judge Wright in the concluding portion of his opinion, I think there must be a new trial.

---

10. Diaz v. United States, *supra* Note 2, 223 U.S. at 455, 32 S.Ct. at 253–254, 56 L.Ed. 500.

1. Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969 (1915); Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934);

Parker v. United States, 184 F.2d 488, 490 (4th Cir. 1950); Glouser v. United States, 296 F.2d 853, 855 (8th Cir. 1961); United States v. Davis, 25 Fed. Cas. 773 (C.C.S.D.N.Y.1869); Echert v. United States, 188 F.2d 336 (8th Cir. 1951).