STATE OF HAWAII, Plaintiff-Appellee, *v.* LESLIE
MASAO OKUMURA, Defendant-Appellant, and CRAIG
MARK GRAHOVAC and LAWRENCE R. TORRES,
JR., also known as Bullet, Defendants

NO. 6330

OCTOBER 31, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* Defendant-appellant Leslie Masao Okumura
(hereinafter referred to as appellant) was found guilty by a
jury of Escape in the Second Degree.[1] He was thereafter

---

[1] Appellant was convicted under § 710-1021, Hawaii Revised Statutes (Special
Pamphlet 1975).

sentenced by the court below to serve a prison term of five years, to run consecutively to the previous term of imprisonment that he was serving at the time of his escape. He appeals from the judgment and sentence of the trial court. The sole question which we decide is whether appellant was deprived of his constitutional right to be present at all stages of his trial.

On February 29, 1976, appellant, along with two other inmates, escaped from Hawaii State Prison. However, all three escapees were recaptured by Honolulu Police the following day. Subsequently, appellant and his two companions were indicted for Escape in the Second Degree, and their cases were consolidated and tried before a jury on August 2, 1976.

At that trial, a recess was taken at approximately 2:46 p.m., after the State and all defendants had rested their cases and just before closing arguments were to begin. During this recess, appellant and one of the other two defendants tried to escape from court custody by climbing out of a window of the Judiciary building. However, they were apprehended almost immediately, and they remained in custody from that time on.

Appellant was injured during his unsuccessful attempt to escape from the courtroom. The injuries required medical treatment, and the trial judge requested that appellant be attended to right away.[2] As a result, appellant was not in the courtroom when trial proceedings were reconvened at about 3:22 p.m. Shortly after the proceedings were reconvened, counsel for appellant moved for a continuance of one day so that appellant could be present for the remainder of his trial. This motion was denied by the trial judge, and the trial proceeded without the appellant. Appellant was thus absent from the courtroom during presentation of closing arguments of counsel, the court's instructions to the jury, and the rendering of the jury's verdict. The jury found appellant guilty as charged of Escape in the Second Degree.

---

[2] The cause and exact extent of appellant's injuries are not clear from the record, although it appears that he may have suffered a broken arm. Also, we are unable to ascertain from the record where appellant was taken for medical treatment, the length of time it took for treatment to be completed, as well as appellant's whereabouts while in custody subsequent to treatment.

Appellant contends that the trial court erroneously denied his motion for continuance, for he argues that the denial of his motion for continuance wrongfully deprived him of his constitutional right to be present at all stages of his trial. We agree with appellant, and consequently reverse the judgment of the trial court.

It has long been recognized in the American criminal justice system that a defendant has a right to be present at all stages of his trial. *Diaz v. United States,* 223 U.S. 442 (1912); *Lewis v. United States,* 146 U.S. 370 (1892); *Hopt v. Utah,* 110 U.S. 574 (1884). The right of a criminal defendant to be present at his trial is of no less than constitutional magnitude, and is founded upon the Confrontation and Due Process clauses of both the United States and Hawaii Constitutions. *State v. Pokini,* 55 Haw. 640, 652, 526 P.2d 94, 105 (1974); *see also Illinois v. Allen,* 397 U.S. 337 (1970), and *Bustamante v. Eyman,* 456 F.2d 269 (9th Cir. 1972). The right to be present at trial includes the right to be present at the empanelment of the jury, *Hopt v. Utah, supra,* closing argument, *Snyder v. Massachusetts,* 291 U.S. 97 (1934), instruction of the jury, *Shields v. United States,* 273 U.S. 583 (1927), and rendering of the jury's verdict, *Diaz v. United States, supra.*

The Constitutional requirement of presence of a defendant at trial has been codified in Rule 43, Hawaii Rules of Criminal Procedure, which contains the so-called "presence requirement" of defendants at criminal trials.[3] The 1960 version of Rule 43, which was in effect at the time of appellant's trial, provides in pertinent part as follows:

> The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. The defendant's *voluntary absence* after the trial has

---

[3] The Hawaii Rules of Criminal Procedure (1960) (hereinafter H.R.Cr.P.) were in effect at the time this case was tried. Those rules have been superseded, as of January 1, 1977, by the Hawaii Rules of Penal Procedure. The substantive content of Rule 43 has not been significantly changed by the new rules, and reference in this opinion will be to the 1960 version of the Rule.

commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. (Emphasis added.)[4]

A determination of whether appellant was denied his constitutional right to be present at trial thus turns on whether he "voluntarily absented" himself from the trial. The burden rests on the prosecution to show such voluntariness. *See Greenberg v. United States,* 280 F.2d 472, 476 (1st Cir. 1960).

We hold that appellant was not voluntarily absent from the courtroom within the meaning of Rule 43, and, therefore, the trial should not have proceeded without him. The voluntary absence provision of Rule 43 generally applies in the case of a defendant who has in fact escaped or absconded, and does not apply to a defendant who is in custody. *Cross v. United States,* 325 F.2d 629 (D.C. Cir. 1963). The *Cross* case involved a defendant in custody who had simply refused to return to the courtroom during trial. The court of appeals rejected the government's contention that the defendant had voluntarily absented himself from trial. Since he had been in custody and had not escaped, the voluntary absence provision of Rule 43 was deemed to have no application to him. Similarly, in *Cureton v. United States,* 396 F.2d 671 (D.C. Cir. 1968), a defendant who disappeared after trial had commenced and could not be found until some two months later was not automatically deemed to have been voluntarily absent. The court in *Cureton* referred to "absconding" as the type of situation which would enable a court to continue with the trial in the absence of the defendant, and that this would involve "a deliberate failure to appear without a reason." *Id.* at 676.

Appellant's case was unlike the lengthy and unexplained absence of the defendant in *Cureton,* nor was appellant's absence from trial due to a successful escape or absconding.

---

[4] Rule 43, H.R.Cr.P., was patterned after Rule 43 of the Federal Rules of Criminal Procedure. Federal Rule 43, and the case law arising from it, are instructive because Rule 43 was merely intended to be a restatement of existing law regarding the necessity of a defendant's presence at trial. Advisory Committee Note 1 to Rule 43, F.R.Cr.P., 4 F.R.D. 405, 431 (1944).

We thus cannot view appellant as having been voluntarily absent on the basis of the facts of this case. Appellant's injuries were not voluntarily inflicted or otherwise intentionally incurred, as far as we can tell from the record, and his consequent absence both while receiving medical treatment and at all times thereafter thus cannot be viewed as "volitional" in terms of Rule 43. It is true that a defendant not in custody may consent to a waiver of his right to be present at trial *(see, e.g., Diaz v. United States, supra)*, but it is doubtful in a felony case that he has the power to do so when he is being held in custody. *Evans v. United States*, 284 F.2d 393, 395 (6th Cir. 1960). In *Evans*, it was apparently deemed incongruous to regard a defendant as being "voluntarily" absent when in fact he was unable to completely control his freedom of movement.

In view of the strong presumption against waiver of constitutional rights, *Johnson v. Zerbst*, 304 U.S. 458 (1938), it is difficult to say, in light of *Cross, Cureton,* and *Evans, supra,* that appellant knowingly and voluntarily waived his right to be present at his trial. The State has failed to sustain its burden of showing voluntariness in terms of Rule 43, particularly in light of the lack of information in the record as to appellant's condition and whereabouts during and subsequent to medical treatment while in the custody of prison authorities.

The State contends that, in any event, a trial judge has full discretion as to whether to postpone or continue with the trial in a situation such as this. However, even if we were to assume that appellant was voluntarily absent, a decision to postpone or continue with the trial lies in only a narrow discretion given to the trial judge. *Smith v. United States*, 357 F.2d 486, 490 (5th Cir. 1966). The trial judge is required to weigh the competing interests at stake.

> The decision to continue [with the] trial involves the careful balancing of defendant's right to confront his accusers, and other possible prejudice which might result from his absence, . . . against the time and expense caused by defendant's efforts to defeat the proceedings by his departure or flight. *Id.*

Furthermore, the narrow discretion given to the trial judge to proceed with the trial should be exercised only when the public interest clearly outweighs that of the absent defendant. *United States v. Tortora*, 464 F.2d 1202, 1210 (2d Cir.), *cert. denied sub nom. Santoro v. United States*, 409 U.S. 1063 (1972). Even if appellant was "voluntarily absent", the public interest in continuing with the trial did not "clearly outweigh" the interests of the appellant. There is no evidence showing that the remainder of the trial could not have soon taken place with the appellant present. There is no showing that the trial could not have been delayed until such time as the appellant could be brought back to the courtroom. There has been no clear showing as to why the remainder of the trial could not have been rescheduled for at least the following day. In addition, the State did not seem to have felt that a delay in the trial would be particularly harmful to its case, for it never objected at trial to the one-day continuance requested by counsel for appellant. The trial court abused its narrowly drawn discretion by proceeding with the trial here.

Appellant also does not fall within the other currently recognized exception to the presence requirement. This exception was outlined in *Illinois v. Allen*, 397 U.S. 337 (1970), in which it was held that a defendant can lose his right to be present at trial if ". . . he . . . insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Id.* at 343. The Supreme Court in *Allen* created only a narrow exception to the general presence requirement. *Bustamante v. Eyman, supra.* The *Allen* case centered around a defendant who repeatedly disrupted actual courtroom proceedings and continually vowed to prevent the trial from taking place. Appellant Okumura's behavior was not such that the trial could not be carried on with him in the courtroom. His conduct took place during a trial recess, and was thus not so totally disruptive and abusive of the court that the dignity of the trial proceedings themselves were violated. There is no showing that once appellant was returned to custody, the trial could not have gone on with him present in the courtroom. His conduct does not come within the narrow

*Illinois v. Allen* exception to the presence requirement.

Although we certainly do not condone appellant's conduct in trying to escape from court custody, we are compelled to conclude that, for the reasons stated above, appellant was erroneously deprived of his right to be present in court during his trial. The State argues that any such error was nevertheless harmless to appellant. However, because the right to be present is of constitutional dimensions, it is "at the very least . . . enforceable on appeal by a rule requiring reversal unless the prosecution shows that a violation of the right was harmless beyond a reasonable doubt." *State v. Pokini, supra,* 55 Haw. at 652, 526 P.2d at 105. The rule in Hawaii is that the violation of a constitutional right of an accused is presumed to be prejudicial. *State v. Yoshino,* 45 Haw. 206, 218, 364 P.2d 638, 645 (1961), *citing Territory v. Scharsch,* 25 Haw. 429 (1920). The burden of rebutting that presumption lies squarely on the prosecution.

Appellant was absent at the closing arguments of counsel, instructions to the jury, and rendition of the jury's verdict. His counsel was present in the courtroom, however, at all those stages of trial. It can never be argued that because his counsel was present at all times, appellant's absence was harmless per se, for "the presence of counsel is no substitute for the presence of the defendant himself." *Bustamante v. Eyman,* 456 F.2d at 274. The court in *Bustamante* also stated:

> The right to be present at trial stems in part from the fact that by physical presence the defendant can hear and see the proceedings, can be seen by the jury, and can participate in the presentation of his rights. *Id.*

The State has failed to negate the presumption of prejudice in each of these respects. First, there has been no showing that appellant's inability to confer with his attorney during appellant's period of absence was not prejudicial. Second, the State has failed to show that the fact that the jury was unable to observe the appellant during these proceedings was not prejudicial to him. Third, it has been stated that the Sixth Amendment right to confront witnesses is partly a recognition of a "psychological influence", and the same influence pertains, to a somewhat lesser degree, to the right of confron-

tation of the accused with the jury. *Wade v. United States,* 441 F.2d 1046, 1050 (D.C. Cir. 1971). There has been no showing by the State that the loss of any such psychological influence may not have been prejudicial to appellant. Finally, the lack of any record as to what transpired during closing argument of counsel precludes the State from overcoming the presumption of prejudice. *Akins v. Cardwell,* 500 F.2d 47 (9th Cir. 1974). There is no indication in the record of what was said or done during that portion of the trial, and we cannot automatically assume away the possibility of questionable statements or conduct during that stage of trial. The State has failed to sustain its burden of showing that in this instance the absence of the defendant was harmless beyond a reasonable doubt.

Reversed and remanded for new trial.

*Elliot Enoki,* Deputy Public Defender, for defendant-appellant.

*Archibald Kaolulo,* Deputy Prosecuting Attorney, for plaintiff-appellee.

