UNITED STATES, Appellee,

v.

Specialist Four John C. KNIGHT, SSN 587–18–5159 United States Army, Appellant.

SPCM 13698.

U. S. Army Court of Military Review.

4 May 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Brian X. Bush, JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was tried *in absentia* for larceny and housebreaking in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 930. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $275.00 pay per month for six months, and reduction to the grade of Private E–1. The convening authority approved the sentence.

The appellant was present at the initial session of his special court-martial on 19 October 1978. He indicated his desire to obtain civilian counsel and the military judge granted a continuance until 3 November to accomplish that wish. However, prior to recessing the court the military judge proceeded through the arraignment, with appellant represented by his appointed military counsel. The appellant entered a plea of not guilty.

The military judge advised appellant at the initial session that after he obtained civilian counsel he would have the opportunity to challenge the military judge, make his election as to the type of court, present motions, and change his plea. The military judge also made clear to appellant his obligation to be present at the 3 November trial and the consequence of appellant's voluntary unauthorized absence from that session. The appellant stated he understood.

When the court reconvened on 3 November, the appellant was absent. The appointed defense counsel announced to the court that it had just come to his attention that appellant was incarcerated in the local civilian jail for failing to appear on three outstanding warrants, two traffic violations and one criminal (larceny) violation. De-

fense counsel requested a continuance, stating that appellant was scheduled for an appearance that afternoon in a civilian court when the question of bail would be considered. He argued that this was not a case of an accused voluntarily absenting himself from trial but was a situation where appellant was picked up and jailed by civilian authorities.[1]

The prosecution opposed any continuance, arguing that appellant's decision to ignore the outstanding warrants, knowing the date of his court-martial trial and knowing he would be subject to arrest at any time on the warrants, amounted to a voluntary absence when such arrest came about. He called military witnesses to establish that appellant was in fact in jail. He did not indicate that any effort had been made by military authorities to obtain appellant's release but instead argued that appellant had a duty to notify his unit of his whereabouts and to notify the civilian authorities of his pending court-martial. Implicit in the prosecution's argument was the conclusion that it was appellant's responsibility to obtain his release in order to be present for his court-martial trial.

Appellate counsel have repeated these arguments before this Court. In addition, government counsel has submitted without objection by defense an affidavit from the Chief, Criminal Law Branch, Office of the Staff Judge Advocate, Fort Lewis, and copies of civilian court records to show how appellant had repeatedly ignored hearing dates in the civilian court. The latter records also show that the civilian police knew of appellant's military status and unit at the time of apprehension, and that appellant was released to his unit on 6 November.

■ In analyzing the issue of voluntariness, we start with the proposition that an accused has a right guaranteed by the Sixth Amendment to the Constitution to be present at his trial. *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). That right is included in Article 39 of the Uniform Code, 10 U.S.C.A. § 839, but it may be waived by an accused under certain circumstances. *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *United States v. Cook,* 20 U.S.C.M.A. 504, 43 C.M.R. 344 (1971).

Paragraph 11c of the Manual for Courts-Martial, United States, 1969 (Revised edition), which is patterned on Rule 43, Federal Rules of Criminal Procedure, provides:

> c. *Effect of voluntary absence from trial.* The accused's voluntary and unauthorized absence after the trial has commenced in his presence and he has been arraigned does not terminate the jurisdiction of the court, which may proceed with the trial to findings and sentence notwithstanding his absence. In such a case the accused, by his wrongful act, forfeits his right of confrontation.[2]

The Court of Military Appeals stated in *Cook* that the military judge must explore into the issue of voluntariness and that it must be established that the absence is voluntary before the trial may proceed.

■ There was an appropriate inquiry here and the facts relating to voluntariness are not in dispute. The appellant was in jail at the hands of civil authorities as a result of his own misconduct when his court-martial resumed on 3 November 1978. Contrary to the contention of the Government, however, those facts do not show a voluntary absence. On the contrary, they demonstrate involuntariness. A defendant in custody does not have the power to waive his right to be present. *See Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed.

---

1. The military authorities did not release appellant to civilian authorities pursuant to Article 14, Uniform Code of Military Justice, 10 U.S. C.A. § 814, in this case.

2. The requirement that the absence be unauthorized as well as voluntary is peculiarly military and refers only to the fact that "no one in authority . . . excused him from the proceedings." *United States v. Peebles,* 3 M.J. 177 (C.M.A.1977). The testimony here was to the effect that no one authorized appellant to be absent from the trial.

500 (1912); *United States v. Crutcher,* 405 F.2d 239 (2d Cir. 1968), *cert. denied,* 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969); *Cross v. United States,* 117 U.S. App.D.C. 56, 325 F.2d 629 (1963). In *Crutcher,* the defendant gave a false name when he was jailed by state authorities and this contributed to his absence from a portion of his federal trial in another state. In *Cross,* the in-custody defendant refused to return to the courtroom after being present when the trial commenced. Notwithstanding these acts of misconduct by the defendants, the Courts of Appeals of the two circuits refused to invoke waiver, saying that the defendants in custody could not intelligently, knowingly and competently waive their right to be present at their trials. The same rule applies here. This appellant who was in the custody of the local police did not waive his right to be present at the continuation of his court-martial. Accordingly, those proceedings cannot stand.

Appellant also asserts that it was error for the military judge to proceed with the arraignment after he had indicated an intention to obtain civilian counsel. In view of our conclusion above, we do not have to decide this issue.

The findings of guilty and the sentence are set aside. A rehearing may be ordered before the same or a different convening authority.

Judge DeFORD concurs. Judge LEWIS absent.