**ANITA J. MATIAS**, Petitioner–Appellee, v. **STATE OF HAWAII**, Respondent–Appellant

NO. 15223

(S.P.P. NO. 89–0017)

MARCH 27, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from an order granting a new trial to the appellee on her petition under Hawaii Rules of Penal Procedure (HRPP) 40 for relief on the ground of ineffective assistance of counsel on her original appeal.

The alleged ground of ineffective assistance of counsel is that he failed to contend, on appeal, that appellee's rights had been violated under the State and Federal Constitutions when she was

not present during the closing argument of her co–defendant, the rebuttal argument of the prosecuting attorney, the delivery of the court's instructions to the jury, and the announcement of the verdict in open court.

Two basic legal principles are undisputed in this case: (1) the accused, in a criminal trial, has a constitutional right to be present at all stages of the trial, and (2) that right, like any other constitutional right, may be waived. These principles are embodied in HRPP 43(a) and (b), which provide:

(a) **Presence Required.** Except as otherwise provided by this rule, the defendant shall be present at the arraignment, at the time of plea, at evidentiary pretrial hearings, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence.

(b) **Continued Presence Not Required.** The further progress of a pretrial evidentiary hearing or of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

(1) voluntarily absents himself after the hearing or trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial); or

(2) engages in conduct which is such as to justify his being excluded from the courtroom.

In this case, the judge hearing the HRPP 40 motion found:

3. The petitioner refused to attend the final two days of her jury trial, and, accordingly, was absent during the closing argument of her co–defendant, the rebuttal argument of the prosecuting attorney, the delivery of the

court's instructions to the jury, and the announcement of the verdict in open court.

Since Rule 43(b) says that a defendant shall be considered to have waived the right to be present whenever having been initially present, he or she voluntarily absents himself or herself after the hearing or trial has commenced, in our view, there was a waiver. We so held in *State v. Caraballo*, 62 Haw. 309, 615 P.2d 91 (1980).

Appellee contends that *Caraballo* is inapposite because, in this case, she was in custody, and cites *State v. Okumura*, 58 Haw. 425, 570 P.2d 848 (1977). However, the facts in *Okumura* were that during the trial the appellant unsuccessfully attempted to escape from custody and was injured. It was necessary for the appellant to receive medical treatment and counsel asked for a continuance of the trial for that purpose. The court refused and went on with the trial in the absence of the appellant. The request for a continuance, because of the necessity of medical treatment certainly negated any contention that the absence from the trial was voluntary.

In our case, a continuance also was asked for, but there is no assertion that appellee's refusal to attend further trial proceedings was conditioned on a continuance being granted, or was conditional at all.

We are aware that the United States Court of Appeals for the District of Columbia in dealing with Federal Rules of Criminal Procedure 43, which is to all intents and purposes identical with our rule, concluded that where a defendant is in custody no waiver can be found, unless the defendant is brought into the courtroom, and his or her refusal to attend further proceedings is made a matter of record, in open court. *Cross v. United States*, 325 F.2d 629 (D.C. Cir. 1963). That holding was followed in *United States v. Gordon*, 829 F.2d 119 (D.C. Cir. 1987). There was however a strong dissent in *Gordon* which pointed out that under *Stricklin v.*

*Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a court, in holding counsel ineffective, must resolutely avoid the omniscience of hindsight.

In *Cross*, the trial court had only the statement of the attorney that the defendant had declined to return to the courtroom. In *Gordon*, there was a dispute in the evidence as to whether or not the defendant understood that the proceedings were going forward in his absence.

The facts here are quite different. Appellee's trial counsel reported to the court that she refused to return to the courtroom, and he brought with him the matron in charge of the holding cell, who confirmed, in explicit terms, that that was the situation. The appellee refused to come out of the holding cell and talk to the attorney, and she informed the matron that she was not going to return to the court that, or any other, day.

Appellee had attended the trial all the way through the partial final argument when her co–defendant, through counsel, asked to take the stand and testify, apparently to attempt to exonerate appellee with respect to the crime. The court refused to receive such testimony and took a recess. During the recess, the refusal to return to the courtroom occurred.

The question we are presented with is whether, despite the fact that it is undisputed that the appellee refused to return to the courtroom, and the court below, on the HRPP 40 proceedings, so found, we are going to apply a rigid rule of law that, so long as a defendant is in custody, the right to be present at the trial can only be waived in open court. That is not what HRPP 43 says, and we perceive no reason why such a rule should be imposed in this case.

As the Supreme Court of the United States said in *Taylor v. United States*, 414 U.S. 17, 94 S. Ct. 194, 38 L. Ed. 2d 174 (1973):

> Petitioner had no right to interrupt the trial by his volun-
> tary absence, as he implicitly concedes by urging only
> that he should have been warned that no such right

existed and that the trial would proceed in his absence. The right at issue is the right to be present, and the question becomes whether that right was effectively waived by his voluntary absence.

*Id.* at 20, 94 S. Ct. at 196, 38 L. Ed. 2d at 177–78. HRPP 43(b)(1) expressly so provides.

Since appellee's trial counsel, who was also her counsel on appeal, obviously believed that appellee had refused to attend the further proceedings, since that belief was in fact true, and since the rule provides that voluntary absence is a waiver, we cannot say that appellee's counsel, on the original appeal, was ineffective in failing to raise the contention that she had not waived her right to be present during the further argument, instructions and jury verdict.

Accordingly, the order appealed from is reversed.

*Caroline M. Mee*, Deputy Prosecuting Attorney, for appellant.
*Peter Van Name Esser* for appellee.


## DISSENTING OPINION BY LUM, C.J. IN WHICH MOON, J. JOINS

I respectfully dissent.

There is insufficient evidence in the record to conclude that petitioner intelligently and voluntarily waived her constitutional right to be present at trial. On this record, the court below should have inquired further and made an on–the–record determination as to whether petitioner had voluntarily absented herself under Hawaii Rules of Penal Procedure (HRPP) Rule 43(b)(1).

The right to be present at trial is guaranteed under both the Federal and State Constitutions. Under the Federal Constitution the right to be present is rooted largely in the Confrontation Clause of the Sixth Amendment and is protected by Due Process where

defendant is not actually confronting the witnesses against her. Under our State Constitution, a defendant has a right "to be present at all stages of his trial," which includes the right to be present at the closing argument, jury instruction, and rendering of the jury's verdict. *State v. Okumura*, 58 Haw. 425, 427, 570 P.2d 848, 851 (1977).

Rule 43 of the Hawaii Rules of Penal Procedure, which is almost identical to the Federal Rule of Criminal Procedure, provides that a defendant shall be present at every stage of trial unless the defendant waives that right. The Rule provides:

> The further progress of a pretrial evidentiary hearing or of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,
>
> (1) voluntarily absents himself after the hearing or trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial); or
>
> (2) engages in conduct which is such as to justify his being excluded from the courtroom.

On its face, the Rule would appear to be limited to implied, rather than express waivers, and appears to be a method for dealing with situations in which defendant attempts to thwart the progress of trial. The rule states that trial shall not be "prevented" by defendant's voluntary absence or conduct, and that the defendant shall be "considered to have waived his right to be present." Under this reading, Rule 43(b)(1) would encompass situations where a defendant has failed to appear at her own trial after the hearing or trial has commenced. *State v. Caraballo*, 62 Haw. 309, 615 P.2d 91 (1980). Rule 43(b)(2) would encompass situations in which waiver is implied as a result of defendant's disruptive behavior at

trial. *See generally Illinois v. Allen*, 397 U.S. 337 (1970); FED. R. CRIM. P. 43 Notes of Advisory Committee on Rules.

This reading of the Rule is in agreement with *Diaz v. United States*, 223 U.S. 442 (1912), in which the U.S. Supreme Court, discussing a custodial defendant's waiver of the right to be present, focused on implied waiver, or waiver based on physical absence from trial. The court stated that "our courts, with substantial accord . . . have regarded an accused who is in custody . . . as incapable of waiving the right . . . because his presence or absence is not within his own control." *Id.* at 455. Thus, it is likely that other courts, who have echoed the general rule that a defendant in custody is incapable of waiving the right to be present under Rule 43, are actually stating the rule that a defendant in custody is incapable of voluntary absence under Rule 43(b)(1) through *implied* waiver.[1]

The rule of on–the–record waiver first articulated by the Federal Court of Appeals in *Cross v. United States*, 325 F.2d 629 (D.C. Cir. 1963), rather than being the rigid rule of law that the majority characterizes it to be, was an exception to the general rule that a custodial defendant could not waive the right to presence under Rule 43. *Cross* created an exception for *express* on–the–record waiver by a defendant. The court did not rest that exception on the Rule, *see id.* at 631–32, and it was only in *United States v. Gordon*, 829 F.2d 119 (D.C. Cir. 1987), that the court, adopting the on–the–

---

[1] In *Cross*, the court found that "[n]o case, prior to or since . . . Rule [43] has even suggested that a defendant in custody, other than by escaping, can 'voluntarily absent' himself from his trial." *Id.* at 631. *See Fina v. United States*, 46 F.2d 643, 644 (1931) (citing *Diaz* and asserting that in no case where defendant was in custody has it been held that he waived his right to be present by voluntarily absenting himself from trial); *Evans v. United States*, 284 F.2d 393 (1960) (while defendant not in custody has been held to have waived right to presence, it is doubtful whether in a felony case he has the power to do so while he is held in custody); *see generally Cureton v. United States*, 396 F.2d 671 (1968).

record waiver rule in *Cross*, appeared to locate a custodial defendant's express waiver in Rule 43. *Id.* at 124 n.6.

In adopting the exception for express waiver, the *Cross* court stated:

> On the subject of waiver, "[i]t has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' . . . This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464–465. . . . This means that where the defendant is available, "the serious and weighty responsibility" of determining whether he wants to waive a constitutional right requires that he be brought before the court, advised of that right, and then permitted to make "an intelligent and competent waiver." This has been the uniform practice.

This reasoning accords not only with the fundamental importance of the right of presence to the accused, but also with the protective relationship existing between the State and an accused who is in the State's custody and control. In such a situation, it is reasonable to require the State to take affirmative action to ensure that any express waiver by the accused, of rights important to the accused's defense, is indeed, knowing and voluntary.

The continuing vitality of the *Cross* rule of on–the–record express waiver is apparent in *United States v. Gordon*, 829 F.2d 119 (D.C. Cir. 1987). In *Gordon*, the court reversed for failure to obtain an on–the–record waiver although counsel informed the court that defendant, for tactical reasons, waived the right to be present at voir dire. The court reasoned:

> [t]he slight additional burden on the criminal justice process wrought by a personal waiver requirement is more than offset by avoidance of lengthy appeals to determine whether the defendant's right to presence has been violated. The practice of obtaining open court waivers is, as we have noted, particularly warranted in cases like this where the defendant is not out on bail, but remains in custody and readily available to the court.

*Id.* at 125.

The rule of on–the–record express waiver was also applied by the court in *Larson v. Tansy*, 911 F.2d 392 (10th Cir. 1990), where defendant never talked to counsel, sat with his head on the table throughout the majority of the trial, and missed the end of his trial after the judge told counsel in the defendant's presence, that he would allow defendant to leave if counsel waived defendant's presence. The appellate court reversed, stating that the trial court never directly addressed defendant, and that a stronger showing of waiver was required.

Thus, the questions before the court in this case are whether the on–the–record rule of express waiver by a defendant in custody should have been rejected for another that represents an erosion of the protections afforded a defendant's constitutional right of presence, and whether a failure to adopt such a rule would be constitutional. Precedent establishes that this question concerns an area of law that is unsettled, complex, and ripe for error and appeal. Yet, the majority fails to address the underlying constitutional issues, and in so doing, fails to provide guidance to judges and counsel, both of whom must plot the course of litigation in light of this decision and contrary precedent.

In this case, the trial court failed to recognize defendant's constitutional right to be present at trial. Just before the court below denied petitioner's request for a continuance and found that

she had voluntarily waived her right to presence, the court noted for the record that petitioner's case had "essentially . . . been concluded." However, at this point of the trial petitioner's co-defendant had not yet made her closing argument, the rebuttal arguments of the prosecutor had not yet been heard, and the court had yet to deliver its instructions to the jury and announce the jury's verdict in open court.

The majority finds waiver on the facts that were before the court below, apparently believing them to be unambiguous. Petitioner's counsel reported that petitioner did not want to come back into the courtroom, and that counsel was "not sure of the cause of her anxiety and irritation." Counsel also stated that petitioner would not talk to him, and that he informed petitioner through her prison guard that "her continued presence [was] not required under the rules." Petitioner's guard, who was present at the hearing, stated that petitioner refused to go back to the courtroom and also requested a continuance. Counsel then asked the court for a continuance pursuant to petitioner's request.

Thus, the record plainly shows not only a conflict as between petitioner and her counsel, but a conflict between petitioner's refusal to return to the courtroom and requesting a continuance. Although counsel should have been speaking on behalf of the petitioner, it is apparent that counsel did not understand, and was unable to convey to the court, petitioner's motives or intent at the time of the alleged waiver. For this reason, and because petitioner both refused to attend the trial and requested a continuance, the record is ambiguous as to whether petitioner intended to waive her right of presence. The record also shows that petitioner's alleged waiver was probably not intelligent, because petitioner was not communicating with her counsel, counsel gave petitioner misleading information about her right to be present, and rather than speaking directly to petitioner, counsel communicated through petitioner's prison guard.

On this record, did the State, as both petitioner's jailor and judge, have enough information to determine that petitioner had made an informed and competent waiver of her constitutional right to presence? I can only conclude that it did not. The better rule and practice for any court faced with the question of whether a custodial defendant has expressly, intelligently, and voluntarily waived her right to be present at trial, would be to take the few minutes to assure itself, as well as any reviewing court of this fact, by bringing defendant into the court, informing defendant of her right, and asking her.