**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000315
28-FEB-2024
08:21 AM
Dkt. 72 SO**

NO. CAAP-23-0000315

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MALIONI KALONI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-21-0000667(1))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Malioni Kaloni (**Kaloni**) appeals from the March 29, 2023 Amended Judgment; Conviction and Sentence; Notice of Entry (**Amended Judgment**)[1] entered by the Circuit Court of the Second Circuit (**Circuit Court**)[2] in favor of Plaintiff-Appellee the State of Hawaiʻi (**State**). On December 9, 2022, Kaloni was convicted of Promoting a Dangerous Drug in the Third Degree (**Count I**), in violation of Hawaii Revised Statutes

---

[1] The Amended Judgment was superceded by a May 4, 2023 Second Amended Judgment; Conviction and Sentence; Notice of Entry (**Second Amended Judgment**). The Second Amended Judgment corrects a typo in Kaloni's first name.

[2] The Honorable Kirstin M. Hamman presided.

(**HRS**) § 712-1243(1) (2014).[3] The Circuit Court sentenced Kaloni to five (5) years imprisonment, with credit for time served.

Kaloni raises three points of error on appeal, contending that the Circuit Court erred in: (1) failing to strike Maui Police Department (**MPD**) crime laboratory (**MPD Lab**) criminalist Amber Corpuz's (**Corpuz's**) testimony because the State failed to provide the Gas Chromatograph/Mass Spectrometer (**GC/MS**) manual(s) and MPD Lab standard operating procedures (**SOPs**) pursuant to Hawaiʻi Rules of Evidence (**HRE**) Rule 705; (2) admitting the GC/MS test results without proper foundation;[4] and (3) proceeding with Kaloni's jury trial *in absentia*.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kaloni's points of error as follows:

(1) We begin with Kaloni's argument that his constitutional rights were violated when the Circuit Court proceeded with the jury trial *in absentia*. Kaloni argues that the Circuit Court should not have continued the jury trial *in*

---

[3] HRS § 712-1243(1) states:

**§ 712-1243 Promoting a dangerous drug in the third degree.** (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

[4] Kaloni asserts this error should result in Kaloni's conviction be reversed for insufficient evidence.

*absentia,* under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 43,[5] without either an attempt to obtain his presence via a short continuance or a colloquy to ensure knowing waiver of his fundamental constitutional rights.

> "[A] [d]efendant's right to be present at all stages of his [or her] trial is of fundamental importance and is derived from the confrontation clause of the Fifth Amendment to the United States Constitution and made applicable to the states by the due process clause of the Fourteenth Amendment."

State v. Vaimili, 135 Hawaiʻi 492, 501, 353 P.3d 1034, 1043 (2015) (citation omitted).  HRPP Rule 43 codifies a defendant's constitutional right to be present at trial, as well as exceptions to the defendant's continued presence.  Id.  When a defendant has not expressly requested and been granted permission to leave an on-going trial, but is otherwise voluntarily absent, the trial court must engage in the balancing test outlined in State v. Okumura, 58 Haw. 425, 570 P.2d 848 (1977), before proceeding with trial.  Vaimili, 135 Hawaiʻi at 503, 353 P.3d at

---

[5]     HRPP Rule 43 states, in pertinent part:

**Rule 43.  PRESENCE OF THE DEFENDANT.**

**(a)  Presence required**.  The defendant shall be present at the arraignment, at the time of the plea, at evidentiary pretrial hearings, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this Rule.
**(b)  Continued presence not required**.  The further progress of a pretrial evidentiary hearing or of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,
(1)  is voluntarily absent after the hearing or trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial); or
(2)  engages in conduct which is such as to justify exclusion from the courtroom.

1045. A defendant's right to confront his accusers is balanced against the following factors:

> (1) the time and expense caused by [a] defendant's efforts to defeat the proceedings by his departure or flight; (2) the likelihood that the trial could soon take place with the defendant present; (3) the difficulty of rescheduling; (4) the inconvenience to jurors; and (5) harm to the State's case.

Id. (citations and internal quotation marks omitted); see also Okumura, 58 Haw. at 429-30, 570 P.2d at 852-53. However, the narrow discretion given to the trial judge to proceed with the trial should be exercised only when the public interest clearly outweighs that of the absent defendant. Okumura, 58 Haw. at 430, 570 P.2d at 852.

In Okumura, the supreme court stated that "[t]he voluntary absence provision of Rule 43 generally applies in the case of a defendant who has in fact escaped or absconded, and does not apply to a defendant who is in custody." 58 Haw. at 428, 570 P.2d at 851 (citing Cross v. United States, 117 U.S.App.D.C. 56, 325 F.2d 629 (D.C. Cir. 1963)) (emphasis added). In Cross, the defendant was in custody and refused to return to the courtroom, and the court of appeals rejected the government's argument that the defendant had voluntarily absented himself from trial because the defendant was in custody and the voluntary absence provision was deemed not to apply. Id. at 428, 570 P.2d at 851-52 (emphasis added). However, in Matias v. State, a majority of the supreme court found that a defendant did voluntarily waive her right to be present at trial when

> [a]ppellee's trial counsel reported to the court that [appellee] refused to return to the courtroom, and [counsel] brought with him the matron in charge of the holding cell, who confirmed, in explicit terms, that that was the situation. The appellee refused to come out of the holding

4

> <u>cell</u> and talk to the attorney, <u>and [appellee] informed the matron that [appellee] was not going to return to the court that, or any other, day</u>.

73 Haw. 147, 150, 828 P.2d 281, 283 (1992) (emphasis added).

Here, the record indicates that the only information known about Kaloni's absence was that the "MCCC [has] informed [the court] that Mr. Kaloni has refused to leave his cell, and any attempt that [MCCC] make[s] to take him out of his cell, he fights with them. So he's refusing to come to court for his trial." Kaloni's attorney expressed his surprise, and indicated that he made an attempt to get in touch with Kaloni, but he was unable to do so. The Circuit Court did not expressly say it was conducting the <u>Okumura</u> factor test, but the court did discuss the difficulty of rescheduling and the inconvenience to the jurors. The court stated that if the trial went into the following week it appeared that at least one juror (possibly more) would be lost due to travel plans. The Circuit Court found that pursuant to HRPP Rule 43(b), Kaloni voluntarily absented himself from the trial after it commenced, and therefore, Kaloni waived the right to be present. It appears from the record that the third and fourth <u>Okumura</u> factors support the decision to proceed with trial in Kaloni's absence.

However, we cannot conclude that the public interest here "clearly outweighs" the interests of Kaloni. Even if the trial did need to go into the following week, there was at least one alternate juror available to replace the one known departing juror, and the court did not confirm whether or not it would lose jurors. Second, the State did not present any indication that

their case would be prejudiced by a delay, meaning the fifth Okumura factor does not weigh in favor of a trial *in absentia*. And third, and most important, the court did not assess "the likelihood that the trial could soon take place with the defendant present" or attempt to gather sufficient information to determine that Kaloni waived his right to be present at trial. The court simply accepted the report that Kaloni was refusing to come to court at face value, without any further inquiry or assessment.

There is no evidence showing that the trial could not have been delayed until such a time as Kaloni could have been brought back into court, as there was no action taken by the court to determine why Kaloni was refusing to be present. See Okumura, 58 Haw. at 430, 570 P.2d at 852. Unlike Matias, the sheriff or guard in charge of the holding cell did not come into the court to testify regarding Kaloni's situation, nor did Kaloni relay that he would never return to court. In fact, Kaloni was in court the following day. At a minimum, the court could have delayed the trial long enough to allow counsel for Kaloni time to contact him. That did not occur. Cross and Okumura tell us that Rule 43 generally does not apply to a defendant who is in custody, and because the factual record such as the one developed in Matias is not present, we conclude that the Circuit Court abused its discretion in conducting the jury trial *in absentia* under the circumstances. See Okamura, 58 Haw. at 428, 570 P.2d at 851-52. Thus, the judgment of conviction is vacated, and this case remanded for a new trial. See id. at 430, 570 P.2d at 853.

However, Kaloni further contends that there is insufficient evidence to support a conviction. Because the double jeopardy clause bars retrial of a defendant if there is an insufficiency of evidence, we will review Kaloni's other points of error. See State v. Kaulia, 128 Hawaiʻi 479, 496, 291 P.3d 377, 394 (2013).

(2) Kaloni argues that the test results from the GC/MS are not reliable because (1) no scientific principle for the GC/MS was identified, and (2) foundation showing that the GC/MS was in proper working order was lacking. Kaloni asserts that because the GC/MS results lacked foundation, there is insufficient evidence to convict him. However, Kaloni's point of error is not in compliance with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). HRAP Rule 28(b)(4) requires each point of error to include "where in the record the alleged error occurred[,]" and "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." Here, Kaloni does not show where the alleged error occurred, or where the alleged error was objected to.

HRAP Rule 28(b)(4) states that "[p]oints not in compliance with this section shall be disregarded, except that the appellate court, at its option, may notice a plain error not presented." We decline to search the record and review for plain error as to foundational issues. See generally State v. Long, 98 Hawaiʻi 348, 353, 48 P.3d 595, 600 (2002) (affirming that "a 'lack of foundation' objection generally is insufficient to

preserve foundational issues for appeal because such an objection does not advise the trial court of the problems with the foundation"); see also State v. Valente, CAAP-22-0000280, 2023 WL 3055611, *3 (Haw. App. April 24, 2023) (SDO) (declining to address point of error where appellant failed to state where in the record the alleged error occurred and where the alleged error was brought to the attention of the trial court).

(3)   Kaloni argues that the Circuit Court erred in allowing Corpuz to testify after the State failed to provide Kaloni with the GC/MS manual and MPD Lab's SOPs in discovery pursuant to HRE Rule 705, because Corpuz's work with the GC/MS that led to her opinion that the substance in question was methamphetamine was based on the GC/MS manual and/or the MPD Lab's procedures.  HRE Rules 703 and 705 provide:

> **HRE Rule 703.  Bases of opinion testimony by experts**.
>
> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing.  If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.  The court may, however, disallow testimony in the form of an opinion or inference if the underlying facts or data indicate lack of trustworthiness.
>
> **HRE Rule 705.  Disclosure of facts or data underlying expert opinion.**
>
> The expert may testify in terms of opinion or inference and give the expert's reasons therefor without disclosing the underlying facts or data if the underlying facts or data have been disclosed in discovery proceedings. The expert may in any event be required to disclose the underlying facts or data on cross-examination.

HRE Rule 705 allows an expert to give their opinion so long as the "underlying facts or data" are provided.  An example of how this works is set forth in a recent Hawaiʻi Supreme Court opinion, State v. Moon, 152 Hawaiʻi 195, 209-10, 524 P.3d 1219,

1233-34 (2023). In <u>Moon</u>, the defendant sought to strike an expert's opinion testimony concerning the victim's cause of death, arguing that medical records underlying the expert's opinion were facts or data underlying the expert's opinion and they were not produced. <u>Id.</u> at 203, 524 P.3d at 1227. The supreme court explained, however, that the underlying facts or data were disclosed in the form of the autopsy report, which included all the relevant data, so the medical records did not need to be separately produced. <u>Id.</u> at 209-10, 524 P.2d at 1233-34.

Here, the underlying facts or data supporting Corpuz's opinion that the evidence in question contained methamphetamine were the reported results of the series of tests performed by Corpuz. Kaloni does not argue that in the reported test results the State failed to disclose all relevant information that Corpuz gleaned from the tests (or otherwise). We conclude that there was no violation of HRE Rule 705 here, and the Circuit Court did not err in denying Kaloni's motion to strike.

For the reasons set forth above, the Circuit Court's May 4, 2023 Second Amended Judgment is vacated, and this case is remanded to the Circuit Court for a new trial.

DATED: Honolulu, Hawaiʻi, February 28, 2024.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge