**Willard H. HAGENMEYER, III,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 43A03–9604–CR–113.

Court of Appeals of Indiana.

July 21, 1997.

Rehearing Denied Sept. 18, 1997.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

STATON, Judge.

Willard H. Hagenmeyer, III appeals his convictions for child molesting, a class C

felony[1] and sexual misconduct with a minor, a class D felony.[2] He presents seven issues for our review, one of which is dispositive: Whether the trial court erred by allowing the jury to listen to tapes of the victims' testimony without the defendant present.

We reverse.[3]

Three young girls went to the clinic where Hagenmeyer practiced medicine for sports physicals. Hagenmeyer performed the physicals without a nurse present. During the course of each examination, Hagenmeyer placed his ungloved hand beneath the girl's underwear in her pubic area. One of the girls testified that she felt Hagenmeyer's finger in her vagina. He also cupped another girl's breast while listening to her heartbeat. Hagenmeyer testified that he was simply checking the girls for hernias which was normal procedure during a physical examination. He also stated that he was examining the girls for signs of pregnancy.

Hagenmeyer was charged with two counts of child molesting and one count of sexual misconduct with a minor. While the jury was deliberating, the foreman informed the trial court that the jury wanted to review the tapes of the victims' testimony because the members could not remember the testimony. Over Hagenmeyer's objection, the trial court decided to allow the jury to review the testimony the following morning. Hagenmeyer also informed the trial court that he had a right to be present during the replaying of the evidence and wanted to be present. When the jury reconvened the next morning, the trial court indicated that it intended to allow the jury to review the testimony with only the bailiff and the court reporter present. Hagenmeyer renewed his objection to this procedure, but the objection was overruled by the trial court. The jury acquitted Hagenmeyer of one count of child molesting and found him guilty of the other two counts.

▪ Hagenmeyer argues that the trial court committed reversible error when it denied him the right to be present while the jury reviewed the testimony. A defendant has the right to be present during all stages of the trial requiring the presence of the jury, such as when the jury is reviewing tapes and other evidence. *James v. State,* 613 N.E.2d 15, 24 (Ind.1993). A defendant can waive this right, but, the waiver must be express and given by the defendant personally. *Id.* A waiver can also be implied when a defendant is voluntarily absent from the trial. *Id.* Absent a valid waiver, the absence of the defendant from the proceedings gives rise to a rebuttable presumption of prejudicial error. *Id.* The burden is on the State to rebut the presumption and show that the defendant was not prejudiced by his absence. *Id.* The presumption of error can be overcome by defense counsel's failure to make a timely objection to the procedure. *Id.* at 25.

▪ Here, the State concedes that the trial court should have allowed Hagenmeyer to be present when the jury was reviewing the tapes of the testimony. However, it argues that the error was not prejudicial because the bailiff and court reporter were present to watch over the jury while it was reviewing the testimony. These conclusory statements concerning the lack of prejudice are not sufficient to carry the State's burden of proof. Too, the presence of the bailiff and court reporter is no substitute for Hagenmeyer's presence in the courtroom. As Hagenmeyer correctly argues, the bailiff and court reporter have no obligation to protect Hagenmeyer's interests. His forced absence from the courtroom gives rise to a presumption of prejudicial error. Because the State has failed to rebut that presumption with any sound argument, we conclude that Hagenmeyer was prejudiced by this error and reverse his convictions. *Id.*

Reversed.

GARRARD and HOFFMAN, JJ., concur.

---

1. IND.CODE § 35–42–4–3 (1993).

2. IND.CODE § 35–42–4–9(b) (Supp.1994).

3. Hagenmeyer also argues that allowing the jury to review the tapes was error. However, we do not address that portion of the argument because regardless of whether it was proper to allow the jury to listen to the taped testimony, it was not proper to prevent Hagenmeyer from being present.