**Antoine BROWN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A05–0503–CR–166.**

Court of Appeals of Indiana.

Dec. 19, 2005.

Transfer Denied Feb. 2, 2006.

Marce Gonzalez, Jr., Merrillville, for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Antoine Brown appeals the denial of his motion to vacate his conviction *in absentia* for possession of cocaine as a class D felony. We affirm.

### Issue

Brown raises one issue: whether he voluntarily waived his right to be present at his jury trial.

### Facts and Procedural History

During the early evening of November 8, 2003, Anthony Rivera, a police officer for the City of Gary, was on patrol in the area of 200 East 43rd Avenue when he saw several people in the street. Tr. at 11–13. Officer Rivera, who was in full uniform, stopped his marked police vehicle, exited the car, and observed a man in a gray coat and white hat turn and begin walking away. As the man—later identified as Brown—walked, a bag fell from around his waist and hit the ground. The bag contained several smaller bags, which contained crack cocaine.

On December 9, 2003, the State filed an information in Lake County charging Brown with class D felony possession of cocaine. Appellant's Appendix at 9. On May 6, 2004, Brown, his counsel, and the State appeared for a hearing at which the parties agreed to a pretrial hearing date of August 26, 2004, and a jury trial date of November 8, 2004. *Id.* at 5, 24. At that same hearing, Brown was "advised of the

State's right to try him *in Absentia.*" *Id.* On August 26, 2004, Brown and his counsel appeared at the pretrial hearing. *Id.* at 5. On October 29, 2004, the State sought leave to file an amended information, adding a second count, this one for possession of cocaine in excess of three grams, a class C felony. *Id.* at 4, 27–28. The court set the matter for advisement hearing to occur on November 4, 2004. According to the docket entry for November 4, 2004, Brown "was not notified of" the hearing and thus did not attend; defense counsel appeared. *Id.* at 4.

On November 8, 2004, Brown failed to appear for his previously scheduled jury trial. Defense counsel represented Brown *in absentia.* *Id.* At the beginning of the trial, the court ordered the amended information stricken, thus Brown was tried using the original information. Tr. at 3, 4. The jury found Brown guilty of class D felony possession of cocaine, and the court entered judgment accordingly. Appellant's App. at 4, 29, 46.[1] The court then granted the State's motion for a bench warrant and directed the clerk to notify Brown "that he is to surrender himself immediately to the Lake County Jail." *Id.* at 29. The court also set a sentencing hearing date of December 9, 2004.

On November 10, 2004, at 8:45 a.m. the trial court received a phone call from Brown's mother stating that he had been in the Porter County Jail for "five or six months[.]" *Id.* at 95. On November 12, 2004, Brown, by counsel, filed a motion to vacate his conviction. He attached to the motion a fax from the Porter County Sheriff's Department indicating that Brown had "was incarcerated at the Porter County Jail from 9-24-04 [through] present date."

---

1. The written verdict, the docket, and Brown's appellant's brief all indicate a conviction for class D felony possession of cocaine. To the extent that the foreman's reading of the verdict and the trial court's instruction referred to a higher-level felony, they were incorrect. The mistakes are of no consequence to the issue on appeal.

*Id.* at 4, 66–68. On February 24, 2005, the court held a hearing, which Brown attended, regarding his motion. *Id.* at 94–96. At the conclusion of the hearing, the court denied Brown's motion and ordered him to serve an eighteen-month sentence at the Indiana Department of Correction. *Id.* at 3, 90–91; Sentencing Tr. at 16.

### Discussion and Decision

▮ Brown contends that his waiver of right to be present at his jury trial "was not voluntary because he was incarcerated in another county at the time of his trial, and accordingly, his absence was not 'the product of a free will.'" Appellant's Br. at 7. He argues that "[b]y definition, the defendant who is in custody in a distinct county, awaiting a distinct charge, cannot accomplish a 'voluntary' waiver unless it can be shown that the defendant elected to not be transported to Lake County to be present or in other words, that he had a choice." *Id.* at 7–8. Brown asserts that he raises an issue of first impression and consequently cites cases outside of Indiana[2] in an effort to support his position. *See United States v. Fontanez*, 878 F.2d 33 (2nd Cir.1989); *United States v. Crutcher*, 405 F.2d 239 (2nd Cir.1968); *Cross v. United States*, 325 F.2d 629 (D.C.Cir.1963); *Evans v. United States*, 284 F.2d 393 (6th Cir.1960).[3] He requests a new trial.

▮ Generally, a criminal defendant has a right to be present at all stages of the trial. *Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind.1997), *modified on other grounds by* 685 N.E.2d 698 (1997). However, "[a] defendant may waive this right and be tried *in absentia* if the trial court determines that the defendant knowingly and voluntarily waived that right." *Id.* "The trial court may presume a defendant voluntarily, knowingly and intelligently waived his right to be present and try the defendant *in absentia* upon a showing that the defendant knew the scheduled trial date but failed to appear." *Ellis v. State*, 525 N.E.2d 610, 611–12 (Ind.Ct.App.1987); *see also Maez v. State*, 530 N.E.2d 1203, 1206 (Ind.Ct.App.1988) ("The continued absence of a defendant who knows of his obligation to be in court, when coupled with a failure to notify the court and provide it with an explanation, constitutes a knowing and voluntary waiver."), *trans. denied*. The "best evidence" of knowledge is the defendant's presence in court on the day the matter is set for trial. *Fennell v. State*, 492 N.E.2d 297, 299 (Ind.1986).

▮ By the same token, a defendant who has been tried *in absentia* "must be afforded an opportunity to explain his absence and thereby rebut the initial presumption of waiver." *Ellis*, 525 N.E.2d at

---

**2.** Brown does cite *Gonzalez v. State*, 757 N.E.2d 202, 205 n. 12 (Ind.Ct.App.2002), *trans. denied*, which states that a "voluntary waiver occurs if the conduct is the product of a free will[.]" However, Gonzalez did not "specifically claim that his waiver was not the product of a free will[,]" hence we did not determine that issue in that case. *See id.* Moreover, in *Gonzalez*, we addressed a very different situation. There, a jury trial was held on two charges of battery. After a guilty verdict, the defendant responded affirmatively when asked by the court if he wished to waive his right to a jury trial on a habitual offender charge.

**3.** Brown does not discuss *Evans* at all, but merely cites it once in his appellant's brief and again in his reply brief. *See* Appellant's Br. at 8; Reply Br. at 3. Accordingly, we do not address *Evans*. Similarly, Brown makes one reference to the *"Diaz"* case in his reply brief. Reply Br. at 3. Specifically, he quotes *Crutcher*, and in his citation to *Crutcher*, includes "citing, *Diaz v. United States*, 223 U.S. [442]at 455, 32 S.Ct. 250, 56 L.Ed. 500 [(1912)] (dictum)[.]" In light of Brown's mere citation to *Diaz's* "dictum" within a citation to another case, we decline to discuss *Diaz*.

612. "As a reviewing court, we consider the entire record to determine whether the defendant voluntarily, knowingly, and intelligently waived his right to be present at trial." *Soliz v. State*, 832 N.E.2d 1022, 1029 (Ind.Ct.App.2005), *trans. denied.*[4] Finally, a defendant's explanation of his absence is a part of the evidence available to a reviewing court in determining whether it was error to try him *in absentia. Fennell*, 492 N.E.2d at 299.

While not on all fours with Brown's case, our most recent pronouncement regarding trial *in absentia* is instructive nevertheless. *See Soliz*, 832 N.E.2d 1022. In *Soliz*, the defendant "offered the following reasons as to why he failed to appear for the second day of his trial: (1) he could not start his vehicle; (2) his fiancée was sick and he had to take her to the hospital; and (3) he believed that his attorney's representation was inadequate." *Id.* at 1029. We noted that despite Soliz's awareness of the trial date (as evidenced by the fact he appeared on the first day of trial), he *"neither made an attempt to contact the court or his attorney the second day of trial to explain his absence." Id.* (emphasis added). In holding that the trial court properly denied Soliz's motion to set aside the jury verdict, we concluded that under the circumstances, Soliz had no intention of appearing on the second day of his trial—regardless of the numerous excuses he later proffered. *Id.* at 1030.

Although incarceration is clearly a different excuse than those offered by Soliz for missing a jury trial, we apply a similar analysis. As a criminal defendant, Brown had the right to be present at all stages of his trial. *See Lampkins*, 682 N.E.2d at 1273. However, he could waive this right and be tried *in absentia* if the trial court

determined that he knowingly and voluntarily waived that right. *See id.* Brown challenges only the latter (voluntary) element. Appellant's Br. at 5, 7, 8. Brown attended the May 6, 2004 hearing at which his November 8, 2004 trial date was set and during which he was informed that he would be tried on that date even if he failed to attend. Appellant's App. at 5, 24. He also attended a pretrial hearing on August 26, 2004, where the jury trial was reaffirmed. *Id.* at 5; *cf. Phillips v. State*, 543 N.E.2d 646 (Ind.Ct.App.1989) (reversing for new trial where defendant did not appear at and had no notice of either his pretrial or trial dates). Accordingly, when Brown failed to show up for his scheduled trial, the court was permitted to *presume* that Brown voluntarily waived his right to be present and could therefore try him *in absentia. See Ellis*, 525 N.E.2d at 611–12. While the court was not required to make further inquiry sua sponte as to the presumption, Brown could not be prevented from offering an explanation in an attempt to rebut the presumption of voluntary waiver. *Soliz*, 832 N.E.2d at 1029.

In his motion to vacate his conviction, Brown averred that on November 8, 2004, defense counsel sent a letter to Brown's last known address advising him of his conviction *in absentia,* and that on November 10, 2004, defense counsel "was telephonically advised by a person identifying herself as the defendant's aunt that the defendant had been in the Porter County Jail since September 2004." Appellant's App. at 66. Brown attached to his motion a fax from the Porter County Sheriff's Department verifying that Brown had been in that county's jail since September 24, 2005. *Id.* at 68.

At a February 24, 2005 hearing, the court provided an opportunity for Brown

---

4. Our supreme court denied transfer of *Soliz* on November 9, 2005, after briefing was com-

pleted in Brown's case.

to explain his absence from his jury trial, that is, to rebut the waiver presumption. However, Brown did not elaborate on his motion to vacate, instead choosing to "stand by [his] verified motion which was filed." *Id.* at 94. Thus, the court was left with the bare fact that Brown was in another county's jail on the date he was tried *in absentia.* Brown made no attempt to enlighten the court as to why he elected not to inform anyone of his predicament. The trial court summarized the situation well when it said:

> The Court would note for purposes of the record that after the defendant was convicted and an article appeared in the newspaper, the Court received a phone call on November 10th, 2004, at 8:45 a.m. from Kitty Brown, Antoine Brown's mother. And the message said, Defendant has been in Porter County Jail for five or six months, phone call at—or phone number of [ ].
>
> I'm going to note for purposes of the record should the defendant want to notify the court while in the Porter County Jail, there are multiple ways that that could be done: One, by a pro se letter which defendants do all the time; two, by calling a family member and having that family member notify the court or his attorney; three, by defendant placing a collect call to his attorney at the public defender's office and advising them of that information; four, by sending a letter to his attorney indicating that he was in the Porter County Jail.
>
> This Court is far too busy to have to track defendants down who cannot appear for their trial setting or advise the court that they're in another lockup elsewhere or maintain contact with their attorney[.]

*Id.* at 95–96.

According to our calculation, Brown was placed in the Porter County Jail forty-five days prior to his trial in Lake County. Yet, he has provided no evidence that he made any attempts to notify his attorney or the court of his dilemma during those six-and-one-half weeks. If Brown was somehow prevented from communicating with anyone regarding his situation, he has never introduced evidence to that effect. As it stands, he has not rebutted the initial presumption of waiver created by his failure to appear for his trial despite knowledge of its date. Accordingly, we cannot say the trial court erred in determining that Brown voluntarily waived his right to be present at trial or by denying his motion to vacate his conviction by trial *in absentia.*

In reaching our conclusion, we are unpersuaded by the federal authorities cited by Brown. In *Fontanez,* the Second Circuit stated: "While we do not today adopt a *per se* rule that every absence of a defendant as a result of police custody violates the constitutionally and statutorily protected right to be present, we find based on the undisputed facts of this case that Fontanez did not voluntarily waive his right to be present during his own trial." 878 F.2d at 36–37. The facts in *Fontanez* were as follows:

> The trial against Fontanez as a sole defendant commenced on October 12, 1988 with the impaneling of the jury. The following day testimony was received, summations delivered and jury deliberations initiated. *Up to this point, Fontanez was present at all stages of his trial.* Fontanez testified on his own behalf . . . . At approximately 10:40 on the morning of October 14, 1988, Fontanez was taken into police custody in connection with a crime unrelated to that for which he was being tried. It was not until 12:30 p.m. on the same day that the

trial was reconvened and jury deliberations continued.

*Id.* at 34 (emphasis added). The court received a note from the jury requesting a read-back of testimony. The court explained that Fontanez was "unavoidably detained," granted the jury's request, and delivered an *Allen*[5] charge—all before Fontanez returned to the courtroom. *Id.* at 34–35. In reversing the conviction, the Second Circuit explained:

> the defendant's absence was a direct result of being taken into police custody in connection with a crime not related to the trial. ... The court proceeded, over defense counsel's objection and the government's own position, to allow a read-back of testimony and to give the deadlocked jury an *Allen* charge. Here, there clearly was neither escape nor fleeing of the defendant, nor a deliberate failure to appear without reason. To the contrary, Fontanez had demonstrated his good intention by his presence throughout his trial up to the time he was taken into custody.

*Id.* at 36.

Brown's case is easily distinguishable from *Fontanez.* Here, the State did not oppose the court's decision to try Brown *in absentia.* More importantly, Brown did not demonstrate his "good intention" by being present for the majority of his trial, but then being "unavoidably detained" after jury deliberations started. Brown simply never showed up for his trial and, during the forty-five days leading up to his trial, chose not to notify his counsel or the court of his presence in the Porter County Jail. Further, there is no evidence that Brown ever requested a transport order. This scenario illustrates very well the wisdom in "not adopt[ing] a *per se* rule that every absence of a defendant as a result of police custody violates the constitutionally and statutorily protected right to be present[.]" *Id.* at 36–37. In addition, *Fontanez* reviewed the issue in light of the requirements of Federal Rule of Criminal Procedure 43,[6] which is not at issue in the present case.

In *Fontanez,* the Second Circuit mentioned *Crutcher,* 405 F.2d 239, 243, as a case in which the court had "observed that a defendant detained in police custody while a jury was impaneled did not have the power to voluntarily waive his right." *Fontanez,* 878 F.2d at 36. The court in *Crutcher* held that in the absence of any evidence from which the reviewing court could infer that the defendant, Payne, was advised of his right to be present when the jury was impaneled or that he knowingly and voluntarily agreed to proceed with the jury that had already been impaneled in his absence, the case had to be remanded for a determination of whether Payne understood the waiver of his right to be present, which his attorney had agreed to in court in his absence. *Crutcher,* 405 F.2d at 243–44. As should be evident, Brown's case differs substantially. There is no dispute that Brown was advised of his right to be present for his jury trial. Moreover, while Brown's counsel had not specifically agreed to a waiver, Brown's failure to attend his previously scheduled jury trial under these circumstances acted as a waiver.

The court in *Crutcher* stated in passing: "Indeed, there is authority for the proposition that a defendant in custody does not have the power to waive his right to be present." *Id.* at 243 (citing, *inter alia,*

---

**5.** *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

**6.** Rule 43 was "explicitly intended to codify existing law concerning a defendant's constitutional and common law rights to be present throughout trial." *Fontanez,* 878 F.2d at 35.

*Cross,* 325 F.2d 629). However, *Cross* is also inapposite. Like *Fontanez,* it dealt with Federal Rule of Criminal Procedure 43.[7] Unlike Brown, the defendant in *Cross* showed up for his trial, but at some point indicated to his defense counsel that he was "not going on any further with the trial" and accordingly refused to return to the courtroom from an adjacent room where he was in the custody of the United States Marshal. *Cross,* 325 F.2d at 630, 630 n. 1. The D.C. Circuit concluded that Cross was entitled to a new trial because the trial court had failed to determine whether there had been an "intelligent and competent waiver" by the defendant. *Id.* at 631. The *Cross* court stated: "This means that *where the defendant is available,* 'the serious and weighty responsibility' of determining whether he wants to waive a constitutional right requires that he be brought before the court, advised of that right, and then permitted to make 'an intelligent and competent waiver.'" *Id.* (emphasis added). Unlike Cross, Brown was indisputably informed of his right to be present for his trial. Also, unlike Cross, Brown never attended any of his trial. Moreover, as a result of his six-plus weeks of failure to communicate with his counsel or the trial court, Brown was not available for the trial court to question him on whether he was waiving his right to be present. In sum, *Cross* does not change our conclusion here.

Almost thirty years ago, we stated:

We are aware that occasionally problems or emergency situations will arise which will, despite [ ] good faith efforts, prevent a defendant's timely arrival.

Thus, a defendant's failure to appear on time does not, in and of itself, constitute a waiver of his right to be present. *A defendant's continued absence, when coupled with a failure to notify the court and provide it with an adequate explanation therefor, however, does constitute such a waiver.* In those instances, the decision as to whether to resume the trial or to wait even longer is one committed to the discretion of the trial court and becomes reviewable only for an abuse thereof.

*Taylor v. State,* 178 Ind.App. 650, 653, 383 N.E.2d 1068, 1071 (1978) (footnote omitted) (emphasis added). Simply asserting that he was in another county's jail during his trial was not an adequate explanation for Brown's absence when, as here, he was present at the time trial was set and when he chose not to communicate his predicament to his counsel or the trial court during the forty-five days that led up to his trial. We cannot say that the trial court's finding that Brown waived his right to be present was error or an abuse of discretion.

Affirmed.

NAJAM, J., and BARNES, J., concur.

---

7. Rule 43 was quoted as follows:
   The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict[.]
   *Cross,* 325 F.2d at 630–31 n. 2.