## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 03 2017, 6:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary Gentner,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 3, 2017

Court of Appeals Case No.
79A02-1609-CR-2120

Appeal from the Tippecanoe Superior Court

The Honorable Steven P. Meyer, Judge

Trial Court Cause No.
79D02-1511-F5-63

**Bailey, Judge.**

# Case Summary

Gary Gentner ("Gentner") was convicted after a jury trial of Operating a Motor Vehicle while Privileges Are Forfeited for Life, a Level 5 felony,[1] and Resisting Law Enforcement, as a Class A misdemeanor.[2]  The trial court sentenced Gentner to an aggregate term of imprisonment of six years.  He now appeals.

We affirm.

# Issues

Gentner raises two issues for our review.  We restate these as:

> I.  Whether the trial court abused its discretion when it proceeded with trial and sentencing with Gentner *in absentia*; and
>
> II.  Whether the sentence imposed was inappropriate under Appellate Rule 7(B).

# Facts and Procedural History

In 2005, Gentner was convicted of Operating a Vehicle as a Habitual Traffic Violator, as a result of which his driving privileges were forfeited for life in the State of Indiana.  (App'x Vol. 2 at 105.)

---

[1] Ind. Code § 9-30-10-17.

[2] I.C. § 35-44.1-3-1(a)(3).

On the night of November 22, 2015, Officer Austin Schutter ("Officer Schutter"), of the Lafayette Police Department, observed in operation on a road a silver Buick with North Dakota plates that he knew to be registered to Gentner. Officer Schutter was *en route* to a dispatched call, and reported information concerning the vehicle to police dispatch; he then proceeded on to the other call.

Police dispatch notified Officer Alexander Feistel ("Officer Feistel") of Gentner's vehicle and where it was being operated. Officer Feistel proceeded to the location, observed the vehicle in operation, and ran the North Dakota license plate through a Bureau of Motor Vehicles ("BMV") database. The database records indicated that the license plate belonged to a Chevrolet Suburban, not the silver Buick to which the plate had been affixed. Officer Feistel also obtained the BMV record for Gentner. Officer Feistel then initiated a traffic stop.

The silver Buick stopped and, before Officer Feistel could exit his own vehicle, Gentner had opened the driver's door of the Buick, gotten out of the car, and stood looking squarely at Officer Feistel's police car. Having seen Gentner's BMV photograph, Officer Feistel immediately recognized Gentner, and, quickly getting out of the police car, Office Feistel instructed Gentner to sit back down in the Buick.

Rather than comply with this instruction, Gentner instead began to flee Officer Feistel on foot. Officer Feistel pursued Gentner through the neighborhood in

which the traffic stop had been initiated until Gentner proceeded down an alley. Eventually, Gentner encountered a fence. Officer Feistel caught up and, concerned for his safety and seeking to end the pursuit, tackled Gentner to the ground, handcuffed him, and placed him under arrest.

[9] On November 23, 2015, the State charged Gentner with Operating a Motor Vehicle while Privileges Are Forfeited for Life and Resisting Law Enforcement. Gentner was subsequently released on bond.

[10] On March 10, 2016, a pretrial conference was conducted, during which the trial court announced a trial date of May 31, 2016, and a final pretrial conference date of May 13, 2016. On April 7, 2016, the trial court rescheduled the jury trial to June 1, but left the pretrial conference scheduled for May 13. Gentner's counsel left a voicemail for Gentner in advance of the pretrial conference, but Gentner did not appear for the conference. The trial court then revoked Gentner's bond and issued a warrant for Gentner's arrest.

[11] Gentner's counsel again left a message for Gentner notifying him of the trial date. On June 1, 2016, a trial was conducted; Gentner did not appear for the trial. Gentner's counsel moved for a continuance, which the trial court denied. Gentner was tried *in absentia*, and the jury found him guilty as charged. On July 22, 2016, a sentencing hearing was conducted, again with Gentner *in absentia*. The court entered judgments of conviction against Gentner and sentenced him to an aggregate sentence of six years: a six-year term of imprisonment for Operating a Motor Vehicle while Privileges Are Forfeited for

Life, and a one-year term of imprisonment for Resisting Law Enforcement, with the sentences run concurrently.

[12] On August 3, 2016, police apprehended Gentner. On August 18, 2016, Gentner appeared in front of the trial court and requested appellate counsel.

[13] This appeal ensued.

# Discussion and Decision

## Trial *In Absentia*

[14] In this appeal, Gentner first argues that the trial court abused its discretion when it conducted his trial *in absentia*. The United States Constitution and the Indiana Constitution both afford defendants in a criminal proceeding the right to be present at all stages of the trial. U.S. Const. amend. VI; Ind. Const. art. 1, § 13. If a defendant knowingly and voluntarily waives that right, however trial may occur *in absentia*. *Jackson v. State*, 868 N.E.2d 494, 498 (Ind. 2007). As the Indiana Supreme Court has stated:

> When a defendant fails to appear for trial and fails to notify the trial court or provide it with an explanation of his absence, the trial court may conclude that defendant's absence is knowing and voluntary and proceed with trial when there is evidence that the defendant knew of his scheduled trial date.

*Id.* (quoting *Freeman v. State*, 541 N.E.2d 533, 535 (Ind. 1989)).

[15] "The best evidence that a defendant knowingly and voluntarily waived his or her right to be present at trial is 'the defendant's presence in court on the day the matter is set for trial.'" *Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind. 1997). Thus, when a defendant knows of the trial date but fails to appear, the trial court may presume that the defendant knowingly and voluntarily waived the right to be present at the trial. *Brown v. State*, 839 N.E.2d 225, 227 (Ind. Ct. App. 2005), *trans. denied*. However, "waiver can also be implied when a defendant is voluntarily absent from the trial." *Hagenmeyer v. State*, 683 N.E.2d 629, 630 (Ind. Ct. App. 1997) (citing *James v. State*, 613 N.E.2d 15, 24 (Ind. 1993)). Further, "a defendant who has been tried *in absentia* 'must be afforded an opportunity to explain his absence and thereby rebut the initial presumption of waiver.'" *Brown*, 839 N.E.2d at 227. Upon appellate review, we look to the entire record to determine whether waiver of the right to be present at trial was voluntary, knowing, and intelligent. *Id.* at 228.

[16] Here, Gentner, who had posted bond, attended a pretrial conference on March 4, 2016. During that conference, a final pretrial conference was set for May 13, 2016, and a jury trial was set for May 31, 2016. Gentner was ordered at the March 4, 2016 conference to appear in person at both the May 13, 2016 conference and the May 31, 2016 trial.

[17] On April 7, 2016, the trial court issued an order rescheduling the May 31, 2016 trial by postponing it for one day—to June 1, 2016. The order reiterated the court's instruction for Gentner to appear in person at both the May 13, 2016 pretrial conference, which had not been rescheduled, and the trial.

[18] Gentner failed to appear at the May 13, 2016 conference, and the trial court issued a warrant for Gentner's arrest. The court also reaffirmed the June 1, 2016 trial date. Counsel for Gentner filed an affidavit with the court averring that he had attempted to contact Gentner by phone and was unable to leave a voicemail message, but left a message with "a close associate" of Gentner and was unable to confirm whether that message had been passed along. (App'x Vol. 2 at 33.)

[19] Ultimately, Gentner did not appear at trial, which was conducted in his absence. Gentner was eventually apprehended on August 3, 2016, and Gentner appeared in court on August 18, 2016. The trial court reviewed the sentencing order with Gentner at that time. Gentner requested appointment of appellate counsel, but the record is silent as to whether Gentner provided any explanation for his absence. There are no additional filings reflected on the trial court's docket that suggest any supplemental information concerning Gentner's absence was provided. On appeal, Gentner acknowledges that the record is silent on that point and offers no explanation for his absence.

[20] Simply put, Gentner failed to attend a pretrial conference that he had been directed to attend, and evaded apprehension from that point until his arrest in August 2016—a period of time lasting more than two months. The record discloses that Gentner was afforded a hearing after his arrest, but he apparently provided no explanation for his absence. The day of trial, Gentner's trial counsel requested a continuance, but was unable to offer any grounds other than Gentner's absence. Gentner has an extensive history of interaction with

police and the courts in California, Washington, North Dakota, and Indiana. Thus, even without a precise explanation from Gentner for his absence, the record, viewed in its entirety, supports a conclusion that Gentner's absence from trial was voluntary, knowing, and intelligent. We accordingly find no abuse of discretion in the trial court's denial of the motion to continue to the trial and to conduct the trial with Gentner *in absentia*.

## Inappropriateness

[21] Gentner's other contention on appeal is that his sentence was inappropriate and requires revision under Appellate Rule 7(B). The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise a sentence after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Cardwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008); *Serino v. State*, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. *Cardwell*, 895 N.E.2d at 1225.

[22] Here, Gentner was convicted of one count each of a Level 5 felony and a Class A misdemeanor. For Operating a Motor Vehicle while Privileges Are Forfeited

for Life, a Level 5 felony, Gentner faced a sentencing range of one to six years imprisonment, with an advisory sentence of three years. I.C. § 35-50-2-6(b). For Resisting Law Enforcement, a Class A misdemeanor, Gentner faced a sentence of up to one year of imprisonment. I.C. § 35-50-3-2. The trial court sentenced Gentner to the maximum terms of imprisonment for each, and ran the sentences concurrent with one another, yielding an aggregate term of imprisonment of six years.

[23] Looking to the nature of Gentner's offenses, we observe nothing particularly remarkable about the nature of his offense of Operating a Motor Vehicle while Privileges are Forfeited for Life. As to his offense of Resisting Law Enforcement, Gentner caused Officer Feistel to engage in an extended foot-chase down the middle of a public road and through several yards, leaving three passengers in the vehicle and potentially subjecting Officer Feistel to danger from one of the vehicle's occupants. Moreover, Gentner's conduct suggests that he intended to flee as soon as the traffic stop occurred, as Gentner had gotten out of his car before Officer Feistel had an opportunity to open the door to his police car.

[24] With respect to his character, our review of the presentence investigation report discloses that Gentner has a long history of criminal activity in California, Washington, Indiana, and North Dakota. Gentner's criminal history began in 1989 and continued unabated into 2016. The vast majority of his convictions arose from substance- and vehicle-related offenses. These gradually escalated from misdemeanor- to felony-level offenses. By 2005, Gentner's driving

privileges had been forfeited for life, but he continued to drive even after that point, accruing multiple convictions in North Dakota, Washington, and Indiana for driving and substance-related offenses. Gentner was arrested on February 7, 2016—during the pendency of the charges in this case—for Operating a Motor Vehicle while Privileges Are Forfeited for Life in Carroll County. Gentner has a history of failing to appear for court dates, and has previously been held in contempt of court for such conduct. Gentner has also had his probation revoked on several occasions.

[25] Simply put, Gentner's extensive criminal history and continued commission of motor vehicle offenses, together with his failure to benefit from prior opportunities for rehabilitation, speak ill of his character, and do nothing to lighten the gravity of the offenses here. Gentner has not persuaded us that his sentence in this case was inappropriate.

# Conclusion

[26] The trial court did not abuse its discretion when it tried Gentner *in absentia*. Gentner's sentence is not inappropriate.

[27] Affirmed.

Najam, J., and May, J., concur.