## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 15 2017, 6:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charmae L. Lesiewicz, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 15, 2017 <br><br> Court of Appeals Case No. <br> 20A03-1610-CR-2320 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Charles Carter Wicks, Judge <br><br> Trial Court Cause No. <br> 20D05-1502-CM-205 |

**Bailey, Judge.**

# Case Summary

Charmae Lesiewicz ("Lesiewicz") was convicted *in absentia* after a jury trial of Operating a Motor Vehicle while Privileges Are Suspended, as a Class A misdemeanor.[1]  She now appeals.

We affirm.

# Issues

Lesiewicz presents three issues for our review.  We consolidate these into the following two issues:

    I.    Whether the trial court abused its discretion when it did not grant a motion for a continuance of the trial; and

    II.    Whether there was sufficient evidence to sustain the conviction.

# Facts and Procedural History

On December 9, 2014, Lesiewicz was driving her car in Bristol, in Elkhart County.  Lesiewicz's driving privileges had been suspended, and in 2011 she had been adjudicated as having committed the infraction of Operating a Motor Vehicle while Privileges Are Suspended.

---

[1] Ind. Code § 9-24-19-2.

[5] Officer Cory Mosher ("Officer Mosher") was on duty on the afternoon of December 9, 2014, and heard Lesiewicz's vehicle, which sounded to him as though it had a defective or no exhaust system. Officer Mosher began to follow the vehicle and while doing so, he was unable to see the vehicle's license plate. Officer Mosher activated his squad car's lights and initiated the traffic stop.

[6] When Officer Mosher reached the car, he found it occupied only by its driver, who provided the vehicle's registration and State of Indiana photograph identification card identifying the driver as Lesiewicz. No driver's license was presented to Mosher. Lesiewicz explained to Officer Mosher that her driving privileges were suspended.

[7] Officer Mosher submitted the information Lesiewicz provided him to an Indiana Bureau of Motor Vehicles ("BMV") database, which confirmed Lesiewicz's statements concerning the suspension of her driver's license. Officer Mosher subsequently placed Lesiewicz under arrest and ordered her vehicle towed.

[8] On February 9, 2015, the State charged Lesiewicz with Operating a Motor Vehicle while Privileges Are Suspended.

[9] On July 22, 2015, a hearing was conducted, during which Lesiewicz requested a jury trial. During the hearing, a jury trial was scheduled for November 12, 2015, and the trial court instructed Lesiewicz that she needed to be present that day and that, if she was not, the trial could proceed in her absence.

[10] A jury trial was conducted as scheduled on November 12, 2015. Lesiewicz did not appear in person at the trial, and her trial counsel moved for a continuance. The trial court denied the motion, and the trial proceeded with Lesiewicz *in absentia*. At the conclusion of the trial, the jury found Lesiewicz guilty as charged.

[11] A sentencing hearing was scheduled for December 9, 2015. Lesiewicz did not attend the sentencing hearing. The trial court entered a judgment of conviction against Lesiewicz and issued a bench warrant for Lesiewicz's arrest, but declined to sentence Lesiewicz in her absence.

[12] On August 23, 2016, the bench warrant was served and Lesiewicz was arrested. On September 21, 2016, a sentencing hearing was conducted, at which the trial court sentenced Lesiewicz to 360 days imprisonment with 180 days suspended and thirty days of credit time.

[13] This appeal ensued.

# Discussion and Decision

## Continuance and Trial *In Absentia*

[14] Lesiewicz, who was tried *in absentia*, contends that the trial court abused its discretion when it denied her trial counsel's motion for a continuance to permit her to attend the trial. The United States Constitution and the Indiana Constitution both afford defendants in a criminal proceeding the right to be present at all stages of the trial. U.S. Const. amend. VI; Ind. Const. art. 1, § 13.

If a defendant knowingly and voluntarily waives that right, however, trial may occur *in absentia*. *Jackson v. State*, 868 N.E.2d 494, 498 (Ind. 2007). As the Indiana Supreme Court has stated:

> When a defendant fails to appear for trial and fails to notify the trial court or provide it with an explanation of his absence, the trial court may conclude that defendant's absence is knowing and voluntary and proceed with trial when there is evidence that the defendant knew of his scheduled trial date.

*Id.* (quoting *Freeman v. State*, 541 N.E.2d 533, 535 (Ind. 1989)).

[15] "The best evidence that a defendant knowingly and voluntarily waived his or her right to be present at trial is 'the defendant's presence in court on the day the matter is set for trial.'" *Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind. 1997). Thus, when a defendant knows of the trial date but fails to appear, the trial court may presume that the defendant knowingly and voluntarily waived the right to be present at the trial. *Brown v. State*, 839 N.E.2d 225, 227 (Ind. Ct. App. 2005), *trans. denied*. However, "waiver can also be implied when a defendant is voluntarily absent from the trial." *Hagenmeyer v. State*, 683 N.E.2d 629, 630 (Ind. Ct. App. 1997) (citing *James v. State*, 613 N.E.2d 15, 24 (Ind. 1993)). Further, "a defendant who has been tried *in absentia* 'must be afforded an opportunity to explain his absence and thereby rebut the initial presumption of waiver.'" *Brown*, 839 N.E.2d at 227. Upon appellate review, we look to the entire record to determine whether waiver of the right to be present at trial was voluntary, knowing, and intelligent. *Id.* at 228.

[16] On July 22, 2015, a pretrial hearing was conducted at which a jury trial date was set. Lesiewicz was personally present at the hearing and was represented by counsel. Her case was set for a jury trial to be conducted on November 12, 2015. The trial court noted that Lesiewicz's case was the second trial setting for that day and instructed her to remain in contact with her attorney. The court also stated, "You understand if you don't show up and the case goes to trial, the case will be tried in your absence? That could be to your detriment if you're not here to present your side of the story." (Tr. at 21-22.) Lesiewicz verbally acknowledged the trial court's admonition at the close of the hearing.

[17] On the day of trial, November 12, 2015, Lesiewicz did not appear in person. Trial counsel moved for a continuance. Counsel stated that he had left Lesiewicz a voicemail message a week prior to the trial, and that Lesiewicz had left him several voicemail messages stating that she would be unable to travel from her Grand Rapids, Michigan, home to Elkhart for trial because she could not afford a bus ticket. Trial counsel acknowledged that he had informed Lesiewicz of the trial date, had told her "that she needed to be here on the 12th," and did not tell her that there had been a delay or reprieve from trial. (Tr. at 32.) The trial court then denied the motion for a continuance.

[18] On appeal, Lesiewicz notes that while she received verbal notice from the trial court and voicemail from counsel, she was not presented with a written trial date notice for which she could have submitted a signed acknowledgment. She acknowledges that counsel did not tell her she could disregard the trial date, but notes that the court observed at one point that because her trial was the second

setting on November 12, 2015, "'there was a good chance that she [might have been] congested out'" by another case. (Tr. at 11.) There is no indication in the record that Lesiewicz provided any explanation as to why she did not plan to attend the trial—she simply stated that she lacked transportation from Michigan.

[19] Given this record, which includes clear communication from the trial court several months in advance of the trial date, advance notice and reminder from counsel the week prior to trial, and no additional explanation for the absence, we cannot conclude that the trial court abused its discretion when it denied the motion for a continuance.

## Sufficiency

[20] Lesiewicz also challenges the trial court's denial of her motion for judgment on the evidence and the sufficiency of the evidence. We review these types of challenges under the same standard—that of a challenge to the sufficiency of the evidence. *Jones v. State*, 472 N.E.2d 1255, 1259 (Ind. 1985).

[21] Our standard of review in such cases is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn

from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[22]  To convict Lesiewicz of Operating a Motor Vehicle while Privileges Are Suspended, as charged, the State was required to prove beyond a reasonable doubt that Lesiewicz operated a motor vehicle while her driving privileges or license was suspended within less than ten years after the date of a prior unrelated violation of either Indiana Code section 9-24-19-1 or section 9-24-19-2. *See* I.C. § 9-24-19-2; App'x Vol. 2 at 10.

[23]  Lesiewicz's challenge centers on whether the evidence at trial was sufficient to establish that she was the person identified in the Bureau of Motor Vehicles records used to support the conviction. At trial, Lesiewicz argued that "the State 'has to provide some kind of either certified booking photo or something indicating that it's the same person.'" (Appellant's Br. at 13, quoting Tr. at 99.) She renews that argument on appeal, and further draws our attention to facets of Officer Mosher's testimony that she suggests undermine the conviction.

[24]  Lesiewicz is correct that paper records alone are insufficient to support a conviction of this type. "In recidivist proceedings, a mere document relating to a conviction of one with the same name as the defendant will not suffice to demonstrate that the defendant was, in fact, the person convicted of the prior offense." *Sullivan v. State*, 517 N.E.2d 1251, 1253-54 (Ind. Ct. App. 1988), *trans. denied*. However, our supreme court has stated that "it is not necessary that a defendant be pointed out in the presence of the jury as the person who

committed the crime," so long as there is sufficient evidence from which the jury could deduce that the defendant was the perpetrator. *Murphy v. State*, 555 N.E.2d 127, 129 (Ind. 1990).

[25] The conviction here rests upon more than the paper records from the BMV. Officer Mosher testified that on December 9, 2014, he heard and then saw a vehicle with a noisy exhaust system. Upon observing the vehicle, he could not see its license plate, and decided to execute a traffic stop. The driver of the vehicle identified herself as Lesiewicz and presented a vehicle registration and Indiana photographic identification card bearing Lesiewicz's name. The driver acknowledged her identity and that she had no driver's license because it had been suspended. When Officer Mosher used BMV databases to verify Lesiewicz's identity, the databases confirmed the driver's statements concerning previously having had driving privileges suspended in Indiana. All of that information matched the information presented at trial in the form of BMV-certified driving records.

[26] Officer Mosher's testimony that all the records matched to the driver who identified herself as Lesiewicz, together with the printed records admitted at trial without any objection, is sufficient evidence to establish Lesiewicz's identity. To the extent Lesiewicz directs us to Officer Mosher not having seen the precise documents presented at trial or other such matters, we note that Officer Mosher testified that the documents had the same information he retrieved from a BMV database on December 9, 2014. To the extent Lesiewicz's other arguments request that we reweigh evidence, we are barred

from doing so and conclude that there was sufficient evidence to sustain the conviction.

# Conclusion

The trial court did not abuse its discretion when it denied Lesiewicz's motion for a continuance in lieu of a trial with Lesiewicz *in absentia*. There was sufficient evidence to sustain the conviction.

Affirmed.

Najam, J., and May, J., concur.