## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 10 2019, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephonn T. Sutton, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 10, 2019 <br><br> Court of Appeals Case No. 18A-CR-2430 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Kristine A. Osterday, Judge <br><br> Trial Court Cause No. 20D01-1710-F6-1508 |

**Crone, Judge.**

[1] Stephonn T. Sutton appeals his conviction for level 6 felony failure to return to lawful detention. Sutton failed to appear at his jury trial and was tried in absentia.[1] He concedes that he knowingly and voluntarily waived his right to counsel and had elected to represent himself at his jury trial. He now asserts that the trial court violated his right to counsel in failing to order standby counsel to represent him and try his case in his absence. Sutton has failed to satisfy Indiana Appellate Rule 46's requirement of providing a cogent argument supported by citation to authority. *See* Ind. Appellate Rule 46(A)(8)(a) (providing that each contention made in argument section of appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning" and "citations to the authorities … relied on."). Accordingly, he has waived appellate review of this issue. *See Foutch v. State*, 53 N.E.3d 577, 581 n.1 (Ind. Ct. App. 2016) (waiving issue for lack of cogent argument).

[2] Waiver notwithstanding, Sutton's claim is without merit. Despite the knowing and voluntary waiver of his right to counsel, Sutton appears to suggest that the trial court abused its discretion in failing to reassert his right to counsel for him and to direct standby counsel to take over when he failed to appear. We

---

[1] Although criminal defendants have the constitutional right to be present at all stages of their trial, a defendant may be tried in absentia if the trial court determines that the defendant knowingly and voluntarily waived the right to be present. *Jackson v. State*, 868 N.E.2d 494, 498 (Ind. 2007). Sutton does not assert that his constitutional right to be present was violated or that he did not knowingly and voluntarily waive that right. Indeed, it is undisputed that he knew of the scheduled trial date but failed to appear. *See Brown v. State,* 839 N.E.2d 225, 227 (Ind. Ct. App. 2005) (trial court may presume defendant voluntarily, knowingly, and intelligently waived right to be present upon showing defendant knew scheduled trial date but failed to appear), *trans denied* (2006).

initially note that the appointment of standby counsel for a pro se defendant is discretionary, as is the trial court's decision to direct standby counsel to take over at any point during the proceedings. *Sherwood v. State*, 717 N.E.2d 131, 135 n.2 (Ind. 1999). Moreover, it is within the trial court's discretion to determine whether a defendant may abandon his pro se defense after the trial has begun and reassert his right to counsel. *Koehler v. State*, 499 N.E.2d 196, 198-99 (Ind. 1986). We do not equate Sutton's voluntary failure to appear as a reassertion of the right to counsel, and the trial court was under absolutely no obligation to direct standby counsel to take over the proceeding in Sutton's absence. We find no abuse of discretion and affirm the conviction.

[3] Affirmed.

Bradford, J., and Tavitas, J., concur.