## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 20 2020, 10:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Douglas Kelly Clark, *Appellant-Defendant,* | April 20, 2020 |
| | Court of Appeals Case No. 19A-CR-2252 |
| v. | Appeal from the Huntington Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Davin G. Smith, Judge |
| | Trial Court Cause No. 35C01-1812-F5-298 |

**Friedlander, Senior Judge.**

[1] Douglas Clark appeals his convictions of criminal recklessness, a Level 5 felony;[1] carrying a handgun without a license, a Level 5 felony;[2] and three counts of neglect of a dependent, all Level 6 felonies.[3] He also appeals the sentence imposed by the trial court. We affirm in part, reverse in part, and remand with instructions.

[2] On the afternoon of November 2, 2018, Gregory Hummer was driving in Huntington County. He passed a blue Ford Escape being driven by Douglas Kelly Clark. Hummer passed Clark on the right, believing that Clark was making a left-hand turn, and traveled on State Road 218 towards I-69.

[3] Next, Clark aggressively passed a semi-truck and began tailgating Hummer. Once Clark passed Hummer, he began "brake-checking" Hummer. Tr. Vol. III, p. 142. Eventually both Clark and Hummer drove onto I-69, and despite heavy traffic on that highway, Clark "amped" up his behavior and "was even more aggressive." *Id.* at 143. Clark would either follow Hummer in order to tailgate him or pass Hummer in order to brake-check him. At times, Clark would drive alongside Hummer, boxing Hummer in with other traffic. It was during one of these times that the passenger side window on the Escape was rolled down, and

---

[1] Ind. Code § 35-42-2-2 (2014).

[2] Ind. Code § 35-47-2-1 (2017).

[3] Ind. Code § 35-46-1-4 (2018).

Clark pointed a handgun at Hummer's vehicle and fired three shots. The bullets struck Hummer's vehicle but missed Hummer.

[4] Clark sped away, but Hummer followed Clark, attempting to record his license plate number. Next, Clark made a sudden U-turn in the I-69 median, but due to his high rate of speed, the vehicle tipped back onto two wheels before driving away. At that time, Hummer observed what he believed to be two children in Clark's vehicle. Hummer called 911 and was instructed to meet law enforcement at a nearby exit.

[5] After exiting I-69, Hummer met with Huntington County Sheriff's Department Captain Malcolm Jones. Hummer reported the incident to Captain Jones, and Captain Jones observed three bullet holes in Hummer's vehicle. Around that same time, Deputy Jamin Sands stopped alongside State Road 5 to assist Clark, whose vehicle had broken down. Clark had three children with him, ages nine, six, and four. After meeting with Hummer, Captain Jones arrived at the scene on State Road 5 and informed Deputy Sands that Clark's vehicle matched the vehicle described by Hummer. Clark was taken into police custody.

[6] After officers located a gun holster and ammunition in Clark's vehicle and a handgun in the ditch along State Road 5, they interviewed Clark. Clark admitted to pulling alongside Hummer's vehicle on I-69, telling his son to roll down his window and lay his seat back, and firing three shots at Hummer's vehicle. Clark further admitted that he did not have a permit to carry the handgun, and he had thrown the gun in a ditch.

[7] On December 18, 2018, the State charged Clark with Level 5 felony criminal recklessness, Level 5 felony possession of a handgun without a license, and three counts of Level 6 felony neglect of a dependent.[4] On July 23 and 24, 2019, Clark was tried by jury *in absentia*, after failing to appear without any notification. Clark was found guilty as charged.

[8] The trial court scheduled a sentencing hearing for August 12, 2019, but Clark failed to appear. Clark was later arrested on a warrant, and a sentencing hearing was held on September 16, 2019. At the sentencing hearing, Clark moved to vacate the jury's verdict, arguing that his trial *in absentia* violated his right to be present at trial under the Sixth Amendment to the United States Constitution and article 1, section 13 of the Indiana Constitution, a motion which was denied by the trial court.

[9] The trial court sentenced Clark to six years with 180 days suspended to probation for his criminal recklessness conviction, six years with 180 days suspended to probation for his conviction of possession of a handgun without a license, and two and one-half years with two years suspended to probation on each of his neglect of a dependent convictions. Clark was ordered to serve all sentences consecutively except for the criminal recklessness and possession of a handgun without a license sentences, which were ordered to be served

---

[4] The State also charged Clark with Class A misdemeanor possession of a firearm after a conviction for domestic battery but ultimately dismissed that charge.

concurrently, for an aggregate sentence of thirteen and one-half years, with six and one-half years suspended to probation.

# I. Trial in Absentia

[10] Clark contends that the trial court erroneously tried him *in absentia*, violating his right to be present at trial under both the Sixth Amendment to the United States Constitution and article 1, section 13 of the Indiana Constitution. Both the Sixth Amendment to the United States Constitution and article 1, section 13 of the Indiana Constitution provide a defendant in a criminal proceeding the right to be present at all stages of his trial. *Jackson v. State*, 868 N.E.2d 494 (Ind. 2007). A defendant, however, may be tried *in absentia* if the trial court finds that the defendant knowingly and voluntarily waived that right. *Id*. Furthermore:

> When a defendant fails to appear for trial and fails to notify the trial court or provide it with an explanation of his absence, the trial court may conclude the defendant's absence is knowing and voluntary and proceed with trial when there is evidence that the defendant knew of his scheduled trial date.

*Id*. at 498 (quoting *Freeman v. State*, 541 N.E.2d 533, 535 (Ind. 1989)).

[11] "The best evidence that a defendant knowingly and voluntarily waived his or her right to be present at trial is the defendant's presence in court on the day the matter is set for trial." *Lampkins v. State*, 682 N.E.2d 1268, 1273 (Ind. 1997) (citation omitted), *modified on reh'g*, 685 N.E.2d 698 (Ind. 1997). "The trial court may presume a defendant voluntarily, knowingly and intelligently waived his right to be present and try the defendant *in absentia* upon a showing that the

defendant knew the scheduled trial date but failed to appear." *Brown v. State*, 839 N.E.2d 225, 227 (Ind. Ct. App. 2005) (citation omitted), *trans. denied*.

[12] That said, a defendant who has been tried *in absentia* must be provided an opportunity to explain his absence and thereby rebut the initial presumption of waiver. *Id.* (quotation omitted). "As a reviewing court, we consider the entire record to determine whether the defendant voluntarily, knowingly, and intelligently waived his right to be present at trial." *Id.* at 228 (quoting *Soliz v. State*, 832 N.E.2d 1022, 1029 (Ind. Ct. App. 2005), *trans. denied*). We review the defendant's explanation of his absence as part of the evidence used to determine whether it was error to try him *in absentia*. *Id.*

[13] Here, we conclude that the trial court properly found waiver. Neither party disputes that Clark was made aware of his July 23, 2019 trial date at his March 11, 2019 pretrial hearing. At the pretrial hearing, Clark clearly acknowledged his trial date in a colloquy with the trial court as follows:

> THE COURT: And that will be at 8:00 a.m. for final pretrial conference. Mr. Clark, did you hear those dates?
>
> [CLARK]: Yes.
>
> THE COURT: Okay, do you understand that we're setting this matter for trial today? Okay? So you're going to need to be here for final pretrial conference on June 17th at 8:00 a.m. and then our trial will be July 23rd, 24th, and 25th at 8:30.
>
> [CLARK]: Alright.
>
> THE COURT: Okay? It's your responsibility to be here those days.

[CLARK]:  Yes.

Tr. Vol. III, pp. 18-19.  Both parties also agree that Clark failed to appear at trial.  Finally, after the trial, Clark did not provide his trial counsel or the trial court a reason for his absence.

Clark argues, however, that he was not afforded an opportunity to rebut the presumption of waiver.  We disagree.  On September 16, 2019, the trial court held a sentencing hearing, at which Clark moved to vacate the jury's verdict based on being tried *in absentia*.  At the hearing, through his counsel, Clark stated:

> Mr. Clark stands ready to participate in his defense and would like his day in court.  Uh, so we believe that proceeding with sentencing today would be inappropriate as the Court again denied our Motion to Continue his jury trial that was held in absentia.  We believe as part of his state- Indiana State and United States Constitutional rights, Mr. Clark has a right to be present and participate at his trial and in his defense, and the right to confront and question witnesses, and all the other rights guaranteed to him by the State and Federal Constitutions.

Tr. Vol. IV, p. 89.  Clark was provided an opportunity to rebut the presumptive waiver, but he failed to provide any reason whatsoever for his absence at trial.  We will not second-guess the conclusion of the trial court that Clark simply "chose not to appear" at trial.  *Id.* at 90.  Defendants who are tried *in absentia* are not entitled to a new trial just because they have decided they want to show

up and participate after the fact. The trial court did not err in concluding that Clark knowingly and voluntarily waived his right to be present at his trial.

## II. Appropriateness of Sentence

[15] Clark contends that his sentence is inappropriate and asks that it be reduced to five and one-half years. At the outset, the State acknowledges, and we agree, that Clark's aggregate thirteen and one-half year sentence is improper pursuant to Indiana Code section 35-50-1-2(d) (2018). That statute provides, in relevant part:

> (d) Except as provided in subsection (c), the total of the consecutive terms of imprisonment to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct may not exceed the following:
>
> * * * * *
>
> (2) If the most serious crime for which the defendant is sentenced is a Level 5 felony, the total of the consecutive terms of imprisonment may not exceed seven (7) years.

*Id.; see also Mask v. State*, 829 N.E.2d 932, 936 (Ind. 2005) (concluding that the phrase "terms of imprisonment" in Indiana Code section 35-50-1-2 should be read "to include any period of incarceration a defendant is sentenced to, even if all or a portion of that period of time is suspended."). Based on the State's concession that Clark's offenses were an episode of criminal conduct, Clark's aggregate sentence cannot exceed seven years. We remand to the trial court with instructions to vacate the six and one-half years of his sentence that the trial court suspended to probation.

[16] That said, Clark was sentenced to seven years of incarceration, and we will review said sentence to determine whether it was inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). The defendant bears the burden of proving that his sentence is inappropriate in light of both the nature of his offense and his character. *Gil v. State*, 988 N.E.2d 1231 (Ind. Ct. App. 2013) (quotation omitted).

[17] The nature of Clark's egregious offenses does not support a reduction in his sentence. Clark was convicted of Level 5 felony criminal recklessness, Level 5 felony possession of a handgun without a license, and three counts of Level 6 felony neglect of a dependent, after an apparent bout of unjustified road rage led to his decision to fire three gunshots at Hummer's vehicle as the two drove down a highly trafficked interstate. Clark's appalling recklessness put not only Hummer's life in jeopardy but also the lives of his own children and the other drivers on the interstate.

[18] Clark's character also does not support a reduction in his sentence. Clark has prior convictions for Level 6 felony battery resulting in moderate bodily injury; Level 6 felony battery on a person less than fourteen years old; Level 6 felony domestic battery in the presence of a child less than sixteen years old; and two

counts of Level 6 felony neglect of a dependent. Clark was also on probation at the time he committed the instant offenses and had a pending criminal case in another county when he was sentenced in this matter. Despite his prior contacts with the criminal justice system, Clark has not conformed his behavior to societal norms. Clark has failed to establish that his sentence is inappropriate.

[19] For the reasons stated above, we affirm in part, reverse in part, and remand to the trial court with instructions to vacate the six and one-half years of Clark's sentence that were suspended to probation, leaving Clark with a sentence of seven years of incarceration to be served.

[20] Judgement affirmed in part, reversed in part, and remanded with instructions.

Kirsch, J., and Brown, J., concur.